**Robert STOCKWELL, aka Robert Cozad, Appellant (Plaintiff),**

v.

**PARKER DRILLING CO., INC., a Delaware corporation, Appellee (Defendant),**

**Larson Construction Co., Inc., a Wyoming corporation (Defendant).**

**No. 86–96.**

Supreme Court of Wyoming.

March 12, 1987.

Robert C. Wilson, Casper, for appellant.

Cameron S. Walker of Schwartz, Bon, McCrary & Walker, Casper, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

CARDINE, Justice.

This appeal is from a summary judgment for the owner, Parker Drilling Company, Inc. (Parker), who was sued by appellant, Robert Stockwell, a/k/a Robert Cozad (Stockwell), for injuries he suffered while employed by an independent contractor, MATO, Inc.

We affirm.

On June 29, 1979, Parker entered into a general construction agreement with Larson Construction Company, Inc. (Larson) in which Larson agreed to construct two buildings on Parker's land. The buildings were to be attached and housed under a common roof. Thereafter Larson hired MATO, Inc. (MATO), a subcontractor, to install insulation in the buildings. Appellant Stockwell was an employee of MATO and worked at the Parker building construction site.

On October 24, 1979, Larson employees and MATO employees, including Stockwell, installed the roof insulation and attached the roof panels. After the last roof panel was attached by the crew, Stockwell proceeded toward the edge of the building to trim off excess insulation; the roof panel buckled, and Stockwell was thrown to the ground and sustained serious injury.

Appellant Stockwell filed a complaint in the district court naming as defendants Parker, the owner, and Larson, the general contractor. MATO, appellant Stockwell's employer, was not sued due to the immunity afforded by the applicable worker's compensation statute, § 27–12–103, W.S.1977. Parker moved for summary judgment. Based upon the affidavits, depositions, interrogatories and other materials before it, the court found that Parker owed the appellant Stockwell no duty of reasonable care and entered summary judgment in favor of Parker. The court, in its decision letter of February 5, 1986, set forth the rationale for its decision as follows:

"Plaintiff contends that the case comes within exceptions outlined by sections 413, 416, and 424 of the Restatement, Second, of Torts. Sections 413 and 416 require a finding that there was a peculiar unreasonable risk of physical harm or a peculiar risk of physical harm to others. There is no evidence of any peculiar risks in this case. Also, it does not appear that the term 'others' includes the employees of the independent contractor but refers to the general public or others who have no relationship to the independent contractor. *Conover v. Northern States Power Co.,* 313 N.W.2d 397, [1981] *Schlenk v. Northwestern Bell,* 329 N.W.2d 605, [1983] and *Parsons v. Amerada Hess Corp.,* 422 F.2d [610] 612 [1970].

"Section 424 is also inapplicable. The OSHA regulations do not impose a duty upon the landowner in a case of this kind. The regulations speak in terms of duties owed by the employer to the employee. Obviously, the plaintiff was not an employee of the defendant. Otherwise, the claim would be barred by the Worker's Compensation laws. The safety standards do not create a nondelegable duty resting upon the employer of an independent contractor in favor of employees of that independent contractor. *Tauscher v. Puget Sound Power and Light Co.,* 635 P.2d 426 [1981]. Absent that specific requirement, employees of an independent contractor are not in the protected class as used by section 424."

Appellant Stockwell raises the following issue on appeal:

"Whether the trial court erred in granting summary judgment by finding:

"(1) That there was no duty owed by the landowner to the employees of a subcontractor.

"(a) The term 'other' in Sections 410–415 of the Restatement of Torts 2d should [not] include employees of independent contractors in Wyoming.

"(2) That there was no particular unreasonable risk of physical harm to others unless special precautions were taken."

Appellee Parker states the issue as follows:

"Did the District Court below err in determining that appellee was entitled to a

summary judgment; or * * * do employees of an independent contractor or subcontractor fall within the meaning of 'others' as used in Section 413 of the Restatement of Torts 2d?"

Our oft-recited standard of review on appeal from summary judgment is:

"When reviewing a summary judgment on appeal, our duty is the same as that of the district court in that we have before us the same material and must follow the same standards. The party moving for summary judgment has the burden of proving there exists no genuine issue of material fact and that [he] is entitled to judgment as a matter of law. We look at the record from the viewpoint most favorable to the party opposing the motion, giving him every favorable inference which may be drawn from facts in the affidavits, depositions, and other material properly submitted in the record." (Citations omitted.) *Noonan v. Texaco, Inc.*, Wyo., 713 P.2d 160, 162 (1986). See also *Jones v. Chevron U.S.A., Inc.*, Wyo., 718 P.2d 890, 893 (1986).

The parties agree that appellant Stockwell was an employee of an independent contractor hired by the general contractor, Larson. There is no claim that the owner is not covered by the Restatement because Larson, not the owner, employed the subcontractor who was an independent contractor. The owner did employ Larson who apparently had authority to employ subcontractors and do what was necessary to complete the job. The parties thought that sufficient, and we agree. Appellant claims, nonetheless, that as the employee of the independent contractor on this job he is the "other" to whom appellee owes a duty of care under §§ 413 and 416 of the Restatement, Second, Torts. Each of these sections speaks to a duty to "others":

Section 413, Restatement, Second, Torts: "One who employs an independent contractor to do work which the employer should recognize as likely to create, during its progress, a peculiar unreasonable risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the absence of such precautions if the employer

"(a) fails to provide in the contract that the contractor shall take such precautions, or

"(b) fails to exercise reasonable care to provide in some other manner for the taking of such precautions."

Section 416, Restatement, Second, Torts: "One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm *to others* unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even though the employer has provided for such precautions in the contract or otherwise." (Emphasis added.)

This court has already held that the employee of an independent contractor is not the "other" to whom an owner owes a duty of care under § 416. *Jones v. Chevron U.S.A., Inc.*, supra, 718 P.2d 890, 899, 901. We explained the reasoning behind that decision:

"[M]ost jurisdictions that have decided the issue have refused to apply the exception when an employee of the contractor is the injured party. *Tauscher v. Puget Sound Power & Light Company*, [Wyo.,] 635 P.2d 426, 429 and n. 2 [1981]. There are several good reasons for this view. First, if a bystander is injured by the negligence of a financially irresponsible contractor, the owner may be the bystander's only source of recompense. The bystander is a totally innocent third party having no involvement in the work; and, if it is inherently dangerous and likely to cause harm, the owner undertaking the work should be responsible for the harm. The employee, on the other hand, is covered by worker's compensation even if the contractor is insolvent. The owner should not have to pay for injuries caused by the contractor when the worker's compensation system al-

ready covers those injuries. *Sloan v. Atlantic Richfield Company,* Alaska, 552 P.2d 157, 160–161 (1976). The owner 'has in a sense already assumed financial responsibility for the injuries' because the independent contractor passes along his worker's compensation costs to the owner. *Tauscher v. Puget Sound Power & Light Company,* supra, at 430; *Eutsler v. United States,* 376 F.2d 634, 636 (10th Cir.1967).

"Second, under worker's compensation, an employer is released from tort liability for his employee's job-related injuries. If we held an owner vicariously liable for injuries to the contractor's employees, then the owner would be subject to greater liability than if he employed his own workers to do the job. Owners might be encouraged to use their own inexperienced employees instead of experienced independent contractors who specialize in hazardous work. *Tauscher v. Puget Sound Power & Light Company,* supra, at 430–431.

"Finally, if the owner maintains control over the work and exercises that control negligently, he can be directly liable to the employee for his own negligence. Rather than imposing vicarious liability in these cases, it is better to hold the contractor and the owner directly responsible for their own fault. The contractor will pay via worker's compensation and the owner through the tort system. *Conover v. Northern States Power Company,* [Minn.,] 313 N.W.2d [397] at 405 [1981]." Id. at 899.

■ The same logic and reasoning applies to § 413, and we agree that § 413 also does not apply to the employee of an independent contractor. *Mason v. Arizona Public Service Company,* 127 Ariz. 546, 622 P.2d 493, 498 (1980); *Jones v. New York Blower Company,* Ind.App., 442 N.E.2d 382, 386, 34 A.L.R.4th 904 (1982); *Conover v. Northern States Power Company,* Minn., 313 N.W.2d 397, 407 (1981); *Donch v. Delta Inspection Services, Inc.,* 165 N.J.Super. 567, 398 A.2d 925, 927–929 (1979); *Tauscher v. Puget Sound Power & Light Company,* 96 Wash.2d 274, 635 P.2d 426, 429 (1981); *Chavis v. Finnlines Ltd., O/Y,* 576 F.2d 1072, 1081 (4th Cir.1978); *Scofi v. McKeon Construction Company,* 666 F.2d 170, 171–173 (5th Cir.1982); *Nelson v. United States,* 639 F.2d 469, 474–478 (9th Cir.1980); *Parsons v. Amerada Hess Corporation,* 422 F.2d 610, 614 (10th Cir. 1970). Notable commentators state the rule excluding employees of an independent contractor as follows:

"The possessor of land is not free to delegate his responsibility for * * * activities carried on upon [his land] where the work to be done is regarded as 'inherently dangerous' *to those outside of the land,* and he remains liable for the negligence of the contractor in such a case." (Emphasis added.) Prosser and Keeton on Torts, § 57 at 392 (5th ed. 1984).

We now hold that § 413, like § 416, does not apply to employees of an independent contractor.

■ Nor is appellant the "other" to whom a statutory or regulatory duty of care is said to be owed pursuant to § 424 of the Restatement, Second, Torts, which provides:

"One who by statute or by administrative regulation is under a duty to provide specified safeguards or precautions for the safety of *others* is subject to liability to the others for whose protection the duty is imposed for harm caused by the failure of a contractor employed by him to provide such safeguards or precautions." (Emphasis added.)

The Wyoming Occupational Health and Safety Act Regulations (W.O.H.S.A.R.) in effect at the time of the accident provided:

"The purpose and scope of these rules and regulations is:

"(1) To provide standards and rules & regulations to safeguard the life, limb and health of *employees* and *employers.*" (Emphasis added.) W.O.H.S.A.R., Ch. I, § 1, Authority, Purpose and Scope, June 23, 1974.

The W.O.H.S.A.R. apply between employers and employees, not to owners such as

Parker who employ independent contractors such as Larson and MATO under the circumstances of this case. Here Larson not only controlled the details of the work but exercised full authority in all safety considerations with regard to the project. Accordingly, appellee owed appellant no regulatory duty of care under § 424.

This court has, however, previously held that the employee of an independent contractor may be owed a duty of care by the owner under § 414 which provides:

"One who entrusts work to an independent contractor, but who retains control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care."

*Jones v. Chevron U.S.A., Inc.,* supra, 718 P.2d at 896, states:

"[A]n owner of a work site who retains the right to direct the manner of an independent contractor's performance or assumes affirmative duties with respect to safety owes a duty of reasonable care to an employee of the independent contractor * * *."

The question thus becomes whether appellee retained the right to direct the manner of MATO's performance or assumed affirmative duties with respect to safety. Comment (c) to § 414 explains:

"In order for the rule stated in this Section to apply, the employer must have retained at least some degree of control *over the manner in which the work is done. It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations.* Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right of supervision that the contractor is

not entirely free to do the work his own way." (Emphasis added.)

■■■ The record is devoid of evidence that Parker either retained control or assumed safety duties. The record indicates Parker is a drilling contractor and is unfamiliar with the business of constructing buildings. Larson was hired as a specialist and given full control of the buildings' construction. Larson prepared the plans and specifications for the buildings, ordered the material, and exercised an unrestrained power in directing the buildings' erection. Parker inspected the site solely to insure that construction was being completed in a smooth and orderly manner. Parker did not exercise any control over how the construction was to be performed. Larson was free to perform work in his own manner. Parker simply retained the right to inspect the construction progress and prescribe where Parker desired windows and doorways to be located. Parker did not retain control of safety or any operative detail or method of work. Thus, the district court did not err in refusing to apply § 414.

Appellant's final argument is that "[t]o allow Wyoming to be included in the states that do not include the employees of an independent contractor in the term 'other' [as discussed in the Restatement, Second, Torts §§ 413, 416, and 424] would be to violate the state Constitution, Article 10, Section 4," and would circumvent the rule that the worker's compensation scheme in Wyoming does not preclude a common law right of action against third persons other than the employer by an injured workman or his heirs. Appellant presents no cogent authority or persuasive rationale in support of this argument.

The statement in Art. 10, § 4 of the Wyoming Constitution that "[n]o law shall be enacted limiting the amount of damages" does not limit the authority of this court or any other court in the state of Wyoming to determine liability. We have consistently held that an injured worker or his heirs can maintain a common law right of action against third persons other than

the employer when liability exists. *Cities Service Company v. Northern Production Company, Inc.,* Wyo., 705 P.2d 321 (1985); *Hamlin v. Transcon Lines,* Wyo., 697 P.2d 606 (1985); *Cottonwood Steel Corporation v. Hansen,* Wyo., 655 P.2d 1226 (1982); *Meyer v. Kendig,* Wyo., 641 P.2d 1235 (1982); *Markle v. Williamson,* Wyo., 518 P.2d 621 (1974); § 27–12–103, W.S.1977.

This court declines the opportunity to address the claim that the state of Wyoming should not have enacted § 27–12–705, W.S.1977, which provides that the state subsidize all claims over the amount of $3,000, because it is economically and financially unfeasible. A determination of this issue is not within the jurisdiction of this court and is more properly addressed to the Wyoming legislature.

The district court did not err in finding the exceptions stated in §§ 413, 414, 416, and 424 of the Restatement, Second, Torts not applicable to this case. There was nothing presented here that would cause us to depart from the general rule of owner nonliability for injury to employees of an independent contractor. The court properly granted Parker summary judgment.

Affirmed.