Dell Allen JOHNSTON,
Appellant (Plaintiff),

v.

CONOCO, INC., Gary Robison, John Does
II–X Inclusive, Doe Corporations I–V
Inclusive, and Doe Partnerships I–V In-
clusive, Appellees (Defendants),

CONOCO, INC., (Third–Party Plaintiff),

v.

W.E. "BILL" SAUER COMPANY,
(Third–Party Defendant).

No. 87–286.

Supreme Court of Wyoming.

July 19, 1988.

W. Keith Goody and James K. Lubing of Goody and Lubing, Jackson, for appellant.

Patrick J. Murphy and Stuart R. Day of Williams, Porter, Day & Neville, P.C., Casper, for appellee Conoco, Inc.

G.G. Greenlee of Murane & Bostwick, Casper, for appellee Gary Robison.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

Appellant Dell Allen Johnston was injured in an oil field accident during the course of his employment as a roughneck on a drilling rig. He subsequently brought a personal injury action against, inter alia, appellees Conoco, Inc. (Conoco) and Gary Robison. Appellant alleged culpable negligence on the part of co-employee Robison and negligence against Conoco, the owner/operator of the oil and gas lease upon which appellant's employer was drilling a well pursuant to a contract with Conoco. Appellant appeals from the order of the district court granting summary judgment to both Conoco and Mr. Robison.

We affirm.

Appellant, tracking the language of Rule 56(c), W.R.C.P., phrases the issue for review as follows:

"Was the Summary Judgment improper because:

"(i) Genuine issues of material fact existed, and

"(ii) Appellees were not entitled to judgment as a matter of law?"

At the time of his injury, appellant was employed by W.E. "Bill" Sauer Company (Sauer Company) as a floor hand on a drilling rig. Sauer Company was drilling a well for Conoco pursuant to a drilling contract. Conoco, as owner/operator of the oil and gas lease, had a "company man," David Beard, living in a trailer on location during the course of drilling. Evidence in

the record established that, as Conoco's representative, Mr. Beard was responsible for monitoring the progress and overseeing the results of drilling. Appellant has alleged that Mr. Beard also had authority to control and supervise daily drilling operations.

Appellant was relatively inexperienced as a rig hand, occupying the position of "worm"; i.e., low man on the crew. On the date of the accident, October 23, 1984, the derrick hand did not show up for work, leaving the rig to be operated by a three-man crew as opposed to the customary four-man operation. Thus, at the time of the accident, the crew was comprised of Mr. Robison as driller, appellant, and Henry Jolly, another floor hand. In addition, evidence in the record established that Mr. Robison had injured his right shoulder some days earlier and to some extent was continuing to experience ill effects or at least discomfort from that injury.

The injury producing accident involving appellant occurred while he and Mr. Jolly were attempting to make a connection; i.e., adding a new joint of drill pipe to the pipe already in the hole. There is a discrepancy in the deposition testimony as to whether the accident happened while the kelly (the "drive" apparatus on a rig) was being removed from the existing pipe in the rotary table so that a new joint could be added or whether it occurred while the crew was attempting to tighten the new joint of pipe into the existing pipe in the rotary table. In any event, both operations require the use of two sets of "tongs," large pipe wrench-type tools, for breaking and making connections. Appellant and Mr. Jolly were having difficulty in getting the tongs to "bite" properly on the drill pipe. Appellant left his normal position on the rig floor to assist Mr. Jolly with his set of tongs. Before appellant and Mr. Jolly were able to secure the tongs, however, Mr. Robison put power to the cathead, and the tongs slipped, crushing appellant's left arm in the rig works.

The extent of appellant's injury is not clearly presented in the summary judgment record before this Court. It is clear, however, that at a minimum his left arm was severely fractured requiring medical care with medical expenses allegedly totaling $12,532.38 at the time the original complaint was filed. The record also indicates appellant received worker's compensation benefits of an unspecified amount as a result of his injury.

By original complaint filed September 12, 1986, and an amendment thereto, appellant brought suit against appellees and numerous other defendants designated as John Does, primarily consisting of unknown individuals and companies responsible for the manufacture and sale of the drilling rig and its component parts. As a result of a pretrial conference, a pretrial order was entered deleting all the John Doe defendants as parties.

Appellant's amended complaint alleged in substance a cause of action against Mr. Robison for culpable negligence in operating the rig while he was in an incapacitated condition and while the crew was short-handed. Similarly, with respect to Conoco, the amended complaint alleged that Sauer Company employees were under the control and supervision of Conoco, that Conoco had a nondelegable duty to provide a safe work place, and that Conoco was therefore negligent in allowing Mr. Robison to operate the rig while he was in an impaired condition and with a shorthanded crew. Appellant claimed damages totaling $5,062,532.38 including past and future medical expenses, past and future pain and suffering, and loss of the enjoyment of life.[1]

After discovery was conducted by the parties, both appellees filed motions for summary judgment with supporting affidavit and deposition testimony. Appellant responded accordingly. The district court issued a decision letter granting summary judgment to both Mr. Robison and Conoco, and its amended order to that effect was

1. Although the question of damages was not at issue at the summary judgment stage, Conoco submitted, in support of its motion for summa-ry judgment, copies of photographs taken of appellant performing ski ballet and free style skiing acrobatics in 1986 and 1987.

entered on December 1, 1987. This appeal followed.

We begin by reiterating our well-established standard of review on appeal from the grant of summary judgment. We review the judgment in the same light as the district court using the same material and following the same standards. *Stockwell v. Parker Drilling Co., Inc.*, Wyo., 733 P.2d 1029 (1987). The party moving for summary judgment has the burden of establishing that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. *Farr v. Link*, Wyo., 746 P.2d 431 (1987); Rule 56(c), supra. A material fact is one which, if proved, would have the effect of establishing or refuting an essential element of the claim or defense asserted by the parties. *Parker v. Haller*, Wyo., 751 P.2d 372 (1988). If the movant has established a prima facie case, the burden then shifts to the party opposing the motion to present evidence of specific facts countering the facts set forth by the movant. *Jones Land and Livestock Co. v. Federal Land Bank of Omaha*, Wyo., 733 P.2d 258 (1987); Rule 56(e), W.R.C.P. Conclusory statements and general allegations will not satisfy the opposing party's burden. *Jones Land and Livestock Co. v. Federal Land Bank of Omaha*, supra. We examine the record, however, from the vantage point most favorable to the nonmoving party, giving that party the benefit of all favorable inferences which may be drawn from the facts. *Parker v. Haller*, supra. In addition, we have said that summary judgment is a drastic remedy and that, as a general rule, it is not favored in negligence actions. Id.

■ We next apply the above standards to appellant's claims against Mr. Robison and Conoco. We look first to the claim of culpable negligence with respect to co-employee Robison. Before its repeal in 1986, § 27–12–103(a), W.S.1977, provided an exception to the exclusive remedy of the Wyoming Worker's Compensation Act for an injured employee as against a culpably negligent co-employee.[2] As Mr. Robison

points out in his brief, this is likely to be one of the last cases arising under the prior statute. Section 27–12–103(a) provided:

"The rights and remedies provided in this act [§§ 27–12–101 through 27–12–804] for an employee and his dependents for injuries incurred in extrahazardous employments are in lieu of all other rights and remedies against any employer making contributions required by this act, or his employees acting within the scope of their employment *unless the employees are culpably negligent,* but do not supersede any rights and remedies available to an employee and his dependents against any other person." (Emphasis added.)

In *Bryant v. Hornbuckle*, Wyo., 728 P.2d 1132, 1136 (1986), we said, with respect to this statute, that:

"In order to recover against a coemployee under this section of the Worker's Compensation Act, a plaintiff must establish more than simple negligence; the coemployee's conduct must constitute 'culpable' negligence. In *Barnette v. Doyle*, Wyo., 622 P.2d 1349, 1362 (1981), we defined the term 'culpable negligence' as 'willful and serious misconduct.' We defined the term 'willful' in this context as ' "such as is done purposely, with knowledge—or misconduct of such a character as to evince a reckless disregard of consequences." ' Id., quoting *Hamilton v. Swigart Coal Mine*, 59 Wyo. 485, 143 P.2d 203, 206, 149 A.L.R. 998 (1943).

"The aggravating factor which distinguishes willful misconduct from ordinary negligence is the actor's state of mind. In order to prove that an actor has engaged in willful misconduct, one must demonstrate that he acted with a state of mind that approaches intent to do harm. State of mind, of course, may be difficult to prove. Accordingly, courts allow a party to establish that willful misconduct has occurred by demonstrating that an actor has intentionally committed an act of unreasonable character in disregard of

---

2. The current exclusive remedy provision of the Wyoming Worker's Compensation Act, § 27–14–104, W.S.1977, eliminates co-employee liability for culpable negligence.

a known or obvious risk that is so great as to make it highly probable that harm will follow." (Citations omitted.)

In support of his motion for summary judgment, Mr. Robison submitted his deposition as taken by counsel for appellant. In this deposition Mr. Robison stated that the rig could be operated safely by three men while drilling and making connections, as they were doing on the night of the accident, whereas the fourth hand is needed for tripping out of the hole, running casing, or picking up drill collars. Mr. Robison testified that the derrick hand would not be on the floor when the crew was making connections going down the hole, that the floor hands make the connections, and that the derrick hand has other duties during these times. Mr. Robison also testified that he had hurt his shoulder a few days prior to the accident while helping a friend move an air conditioner and that he had sought medical treatment for the injury. Mr. Robison further stated that, although the shoulder remained sore on the date of appellant's injury, "it didn't bother [him]. It didn't bother [him] to run the rig at all."

Appellant presented various materials in resistance to Mr. Robison's motion for summary judgment, including excerpts from his own deposition as taken by counsel for Mr. Robison. In his deposition, appellant stated that the derrick man is usually on the rig floor during connections and that, had the derrick man been present, he (appellant) would not have been in a position to be injured. Appellant also submitted the affidavit of Ron Wickwire. Mr. Wickwire was a Sauer Company driller working a different shift on the same rig during this drilling project. In his affidavit, Mr. Wickwire testified that this rig could not be run safely with only three men and that he would not drill with only a three-man crew. Regarding Mr. Robison's shoulder injury, appellant submitted his own deposition testimony indicating that, on the night of the accident, by appellant's observation, Mr. Robison was experiencing pain and favoring his right arm. Appellant stated that, for 90% of the shift the night of the accident, Mr. Robison had supported his right arm in a sling-like fashion by placing it in his partially opened coveralls. Also found in appellant's deposition, however, are his admissions, upon examination by Mr. Robison's counsel, that he had no drilling experience, had no knowledge of how a rig is run, and did not know which hands a driller uses to operate the various controls. In addition, this significant exchange is found in appellant's deposition:

"Q. You don't know of your own knowledge what if anything Mr. Robison's hand in his coveralls had to do with your accident, do you?

"A. No, I don't."

Recognizing the weakness of this evidence, appellant also relied upon Mr. Robison's deposition testimony, in response to hypothetical questions from appellant's counsel, that a driller in a substantial amount of pain would not be sufficiently alert and should not be on a drilling rig.

Even in reviewing the above evidence in the light most favorable to appellant and giving him the benefit of all reasonable inferences, we must agree with the district court that appellant failed to establish a genuine issue of material fact as to culpable negligence. As the district court observed, the evidence indicated Mr. Robison had a sore shoulder but the significance of this fact to appellant's injury is not explained. The inferences appellant would have this Court accept—that Mr. Robison was experiencing pain of such magnitude that it must have diverted his attention from his duties, that such inattention probably caused the accident, and therefore that Mr. Robison, knowing of the risk, recklessly disregarded the consequences to appellant—are little better than sheer speculation and fail to demonstrate a genuine factual issue. Similarly, the affidavit statement of Mr. Wickwire regarding the three-man crew is conclusory and lacks specific facts. As such, it is insufficient to structure an issue of material fact as to culpable negligence. *Stundon v. Sterling,* Wyo., 736 P.2d 317 (1987); Rule 56(e), supra. Taken as a whole, and particularly with respect to the three-man crew, appellant's evidence might be sufficient to establish a factual issue as to Mr. Robison's

negligence, but it fails to demonstrate that Mr. Robison acted with a state of mind approaching intent to do harm. *Bryant v. Hornbuckle*, supra. Although we have said that summary judgment is generally inappropriate in negligence actions, *Parker v. Haller*, culpable negligence involves more than unreasonable conduct; it requires the element of willfulness and, when a party fails to present a genuine issue of material fact on that element, summary judgment is properly granted. *Bryant v. Hornbuckle*, supra. The entry of summary judgment in favor of Mr. Robison was proper.

We turn, then, to the claim of negligence against Conoco to determine if it was properly disposed of by summary judgment. Appellant's claim is that Conoco, through its on-site company representative, David Beard, exercised control over drilling operations and that Mr. Beard was negligent in allowing Mr. Robison to drill in an impaired condition and with a shorthanded crew. We first observe that the record is devoid of any evidence of Mr. Beard's alleged negligence. More importantly, inherent to any discussion of this claim are the legal concepts surrounding the relationship, duty, and liability of an owner to the employees of an independent contractor. Where duty has not been established, there can be no actionable negligence. Thomas by *Thomas v. South Cheyenne Water and Sewer District*, Wyo., 702 P.2d 1303 (1985). The existence of a duty is a question of law to be determined by the court. *Jones v. Chevron U.S.A., Inc.*, Wyo., 718 P.2d 890 (1986); *Caterpillar Tractor Company v. Donahue*, Wyo., 674 P.2d 1276 (1983).

Although a considerable body of law has arisen from litigation over the duty of an owner to the employees of an independent contractor, appellant cites no authority in support of his cursory argument that Conoco is liable for negligence. This Court will not consider issues which are not supported by proper citation of authority and cogent argument. *Jones Land and Livestock Co. v. Federal Land Bank of Omaha*, supra; *Tremblay v. Reid*, Wyo., 700 P.2d 391 (1985). We therefore do not consider appellant's perfunctory argument on this issue. We note, however, that the record supports the district court's determination that no evidence was presented indicating Conoco exercised control over the details of drilling or the supervision of employees. The district court's decision also is consistent with our recent opinions in *Stockwell v. Parker Drilling Co., Inc.; Jones v. Chevron U.S.A., Inc.;* and *Noonan v. Texaco, Inc.*, Wyo., 713 P.2d 160 (1986), wherein we have subscribed to the general rule that an owner is not liable for injury to employees of an independent contractor. Conoco was entitled to summary judgement.

Affirmed.