Cecil HILL, Appellant (Plaintiff),

v.

PACIFIC POWER & LIGHT CO.,
Appellee (Defendant).

No. 88–136.

Supreme Court of Wyoming.

Dec. 13, 1988.

Donald L. Painter, Casper, for appellant.

Jeffrey J. Gonda of Lonabaugh and Riggs, Sheridan, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

GOLDEN, Justice.

Appellant Cecil Hill filed a negligence action to recover damages for injuries he received in an industrial accident at the Jim Bridger Power Plant (Plant) in Sweetwater County, Wyoming. The plant is owned by appellee Pacific Power & Light Company (PP & L). Hill appeals the district court's order granting summary judgment to PP & L which was based on PP & L's showing that Hill was employed by an independent contractor when he was injured, and on Hill's failure to refute PP & L's showing that it did not assume affirmative duties with respect to safety or retain control over the details of the work that caused Hill's injury.

We affirm.

During March 1986, Hill worked at the Plant as a journeyman plumber for the North American Energy Services Corporation (NESCO), a services contractor for PP & L. The services contract between the two companies expressly stated that NESCO was an independent contractor for all work it performed at the Plant. Under the contract, PP & L was to identify work to be done at the Plant and then instruct NESCO on how it wanted that work completed. NESCO, in turn, was to employ and direct persons to do that work as PP & L instructed. NESCO expressly retained the right to control the persons it hired and sign their paychecks and was obligated to maintain state worker's compensation insurance for them. PP & L retained the right to inspect the work being done by NESCO employees and obligated itself to supply some tools, equipment, materials, and facilities necessary to complete the work.

Hill was injured at the Plant on March 26, 1986. While standing on some scaffolding, he tried to hand a torch to another employee and the handrail he was holding onto with his other hand broke loose causing him to fall to the ground below. Hill testified in his deposition that, on the day he fell, the scaffolding appeared be in a different place than it was the day before. He agreed that the handrail might have been removed by NESCO carpenters during the previous evening of March 25, 1986,

and may not have been properly wired back onto the scaffolding when replaced.

Hill filed his complaint on March 30, 1987. He alleged that agents and employees of PP & L supervised and directed his work to such an extent that PP & L was liable to him for negligence associated with the loose handrail. After discovery, PP & L filed a motion for summary judgment with supporting affidavits and argument. The motion asserted that no genuine issue of material fact existed showing that PP & L maintained control over construction or safety of the scaffolding Hill fell from. PP & L pointed to Hill's own deposition testimony that, to his knowledge, only NESCO employees would have moved the scaffolding. Terrence Becker, a PP & L employee, testified in his deposition that the scaffolding involved in Hill's fall was built and designed by NESCO, using materials provided by PP & L. Dan Magnuson, a NESCO employee, and Don Vincent, a PP & L employee, testified by affidavit that PP & L did not direct or instruct NESCO employees on how to perform the details of their work at the Plant.

Hill presented no evidence showing that anyone other than NESCO employees would have removed and replaced the loose handrail. He also admitted that he never personally received any work instructions from PP & L personnel. He did argue, however, that certain deposition testimony concerning the conduct of several PP & L supervisory personnel showed PP & L control over the work of NESCO employees, establishing a duty PP & L owed to Hill for the safety of the loose handrail. Specifically, Hill asserted that PP & L owned the Plant, inspected the work of NESCO employees, and supplied tools for that work from the PP & L tool room. He pointed to instructions his welder, Jimmy Nicodemus, received from PP & L employee Gene Woods. PP & L personnel were alleged to have supervised Hill's foreman and to have been engaged in the same kind of work as NESCO employees. Hill also claimed that PP & L fired a NESCO supervisor shortly after his accident. The district court reviewed both parties' submissions and granted summary judgment to PP & L on April 11, 1988.

This court's standard of review of an order granting summary judgment is set out in *Johnston v. Conoco, Inc.*, 758 P.2d 566, 568 (Wyo.1988). That standard applies here.

Several times in recent years, this court has addressed the law concerning the duty an independent contractor's employer, who owns the workplace, might owe to the employees of the independent contractor who work there. In *Jones v. Chevron U.S.A., Inc.*, 718 P.2d 890, 892 (Wyo.1986), Jones, the employee of Chevron's independent contractor, received electrical shock injuries while painting an H-frame power pole owned by Chevron. On review of summary judgment favoring Chevron, we reiterated our adoption of the general proposition set forth in the Restatement (Second) of Torts § 409 (1965), stating that "the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants." Id. at 894 n. 1. See also *Noonan v. Texaco, Inc.*, 713 P.2d 160, 164–167 (Wyo.1986). The holding in *Jones*, however, reversed summary judgment favoring Chevron by recognizing an exception to that general rule. Based on the Restatement (Second) of Torts § 414 (1965), we held that the owner of the workplace, who employs an independent contractor and

retains the right to direct the manner of an independent contractor's performance or assumes affirmative duties with respect to safety *owes a duty of reasonable care to an employee of the independent contractor even if the employee is injured doing the very work the [independent] contractor was hired to perform.*

*Jones*, 718 P.2d at 896 (emphasis added).

Less than a year later, in *Stockwell v. Parker Drilling Co. Inc.*, 733 P.2d 1029 (Wyo.1987), this court reviewed an order granting summary judgment in a similar fact situation. Stockwell was the employee of an insulation subcontractor of an independent contractor hired by Parker Drilling

to construct a building on land owned by Parker Drilling. Stockwell sued Parker Drilling for injuries he received when a roof panel of the building he was trimming insulation from for the subcontractor buckled and threw him to the ground. *Id.* at 1030. In that opinion we held that the employee of an independent contractor is not the "other" to whom the employer of the independent contractor owes a duty of care under the language of the Restatement (Second) of Torts §§ 413, 416, or 424 (1965). *Stockwell,* 733 P.2d at 1031–1033. We then reiterated the holding in *Jones,* and quoted the Restatement (Second) of Torts § 414 comment (c) (1965), as support for the rule that the employer of a general contractor must retain more than the general right to order the contractors to stop work, to inspect the progress of the work, to make recommendations thereon, or to prescribe alterations or deviations in the work, to fall within the § 414 exception. Applying that analysis, we concluded that summary judgment favoring Parker was proper because "Parker did not retain control of safety or any operative detail or method of work." *Stockwell,* 733 P.2d at 1033.

In *Johnston v. Conoco, Inc.,* 758 P.2d at 570, we affirmed summary judgment in favor of Conoco, the owner/operator of an oil and gas lease, and against the injured employee of the drilling contractor employed by Conoco to drill the well. Although the drilling contractor's injured employee alleged that Conoco, through its on-site company man, exercised control over drilling operations and was negligent in allowing the drilling contractor's driller to drill in an impaired condition, and with a shorthanded crew, that injured employee failed to present evidence indicating Conoco exercised control over the details of drilling or the supervision of employees. We noted that the district court's summary judgment decision was consistent with our recent opinions in *Stockwell, Jones,* and *Noonan. Johnston,* 758 P.2d at 570.

The facts here fit within the rule described in those cases. PP & L, as movant for summary judgment, put forth evidence showing that PP & L did not retain the right to direct NESCO's construction or later modification of the scaffolding that caused Hill's fall. Likewise, PP & L showed that it did not assume affirmative duties for the safety of that scaffolding. *Jones,* 718 P.2d at 896. Deposition testimony, affidavit testimony, and the contract between PP & L and NESCO, factually established that assertion.

The burden then shifted to Hill to present the district court with facts refuting PP & L's initial summary judgment showing. See *Johnston,* 758 P.2d at 568. Hill tried to meet his burden by showing various instances in which PP & L allegedly exercised actual control over NESCO employees. While Hill may have highlighted situations in which PP & L personnel made recommendations to a NESCO foreman or inspected the work being done, he did not submit any facts to the district court showing that PP & L retained control over the details of the work that caused his injury, or assumed affirmative safety duties for that work. Hill failed to refute PP & L's initial summary judgment showing, and no genuine issue of material fact existed. Summary judgment for PP & L was proper.

AFFIRMED.