Donald R. DOW, Plaintiff–Appellant,

v.

The **LOUISIANA LAND AND EXPLORATION COMPANY**, a Maryland corporation; Clayton Wood Consulting, Inc., an Oklahoma corporation, Defendants–Appellees.

No. 94–8106.

United States Court of Appeals,
Tenth Circuit.

Feb. 14, 1996.

David B. Hooper of Hooper Law Offices, P.C., Riverton, Wyoming, for Plaintiff–Appellant.

Michael D. Gaffney (Donald F. Carey, with him on the brief) of Quane, Smith, Howard & Hull, Idaho Falls, Idaho, for Defendants–Appellees.

Before SEYMOUR, Chief Judge, COFFIN* and McKAY, Circuit Judges.

McKAY, Circuit Judge.

Plaintiff Donald Dow appeals the district court's grant of summary judgment for the Defendants Louisiana Land & Exploration Co. ("LLE") and Clayton Wood Consulting, Inc. ("CWC") in this negligence action. For the reasons that follow, we affirm.

Mr. Dow worked for W.R. Grace Drilling Co. ("Grace Drilling") as a member of a drilling crew. LLE hired Grace Drilling as an independent contractor to drill an oil and gas well. Mr. Dow was part of the crew which performed this service. CWC, represented by Clayton Wood, served as LLE's agent at the drilling site. One day, after another contractor finished its work at the drill site, Mr. Wood told Mr. Dow's crew something to the effect of "get back in the hole." The crew began putting the drilling assembly together in reverse order. Before the process was complete, the drill assembly, six to eight feet tall and weighing over 1,000 pounds, fell on Mr. Dow, breaking his leg in several places.

Mr. Dow asserts that Mr. Wood was rushing the crew to complete its work. If the crew had not been rushed, he reasons, they would have assembled the drilling apparatus in the correct order and the drill assembly would not have fallen over. Mr. Dow premises liability on Mr. Wood's involvement with the drilling operations. He claims that Mr. Wood's control over the operations was so pervasive that Defendants became liable for

his injury despite his status as the employee of an independent contractor. Mr. Dow also claims that Defendants are liable because they assumed affirmative duties to protect the crew. The district court granted summary judgment for Defendants on both claims.

■■■ Under Wyoming law, an owner of land owes a general duty of care to invitees, including employees of an independent contractor. Despite this general rule, the owner "is not obligated to protect the employees of an independent contractor from hazards which are incidental to, or part of, the very work the contractor was hired to perform." *Jones v. Chevron U.S.A., Inc.,* 718 P.2d 890, 894 (Wyo.1986). However, an owner

> who retains the right to direct the manner of an independent contractor's performance or assumes affirmative duties with respect to safety owes a duty of reasonable care to an employee of the independent contractor even if the employee is injured doing the very work the contractor was hired to perform.

*Id.* at 896. In order for liability to exist, the owner's right to direct the manner of work must be extensive:

> "[T]he owner 'must retain more than the general right to order the contractors to stop work, to inspect the progress of the work, to make recommendations thereon, or to prescribe alterations or deviations in the work'.... The product of our precedent is that an employer of an independent contractor, although potentially responsible for injuries to employees of the contractor, must assume a controlling and pervasive role in the work being done in order to generate any duty of care sufficient to establish vicarious liability for the negligence of the independent contractor."

*Natural Gas Processing Co. v. Hull,* 886 P.2d 1181, 1184 (Wyo.1994) (quoting *Cockburn v. Terra Resources, Inc.,* 794 P.2d 1334, 1342 (Wyo.1990) (citations omitted)). Here, Mr. Dow simply fails to present evidence from which a jury could determine that De-

---

* The Honorable Frank M. Coffin, United States Circuit Judge for the First Circuit, sitting by designation.

fendants assumed a "controlling and pervasive role in the work being done." Mr. Dow presents evidence that Mr. Wood, LLE's agent, told the crew to "get back in the hole" and also that the crew felt rushed by Mr. Wood. No evidence is presented that Mr. Wood ever told the crew how to perform its work or that it had to have its work finished by a certain deadline. At best, this evidence shows that Mr. Wood had a general right to require the crew to begin working. Such a general, limited right does not give rise to liability.

Mr. Dow argues, however, that this case is similar to *Natural Gas Processing Co. v. Hull*, 886 P.2d 1181 (Wyo.1994). In *Natural Gas Processing*, the Supreme Court of Wyoming held an employer liable for the injury of an independent contractor's employee. *Id.* at 1186. The court relied on three facts: (1) the employer controlled the equipment used by the independent contractor; (2) the employer specifically directed the independent contractor in the performance of its work; and (3) the employer drove the independent contractor's employees to work faster. *Id.* at 1185. At best, Mr. Dow has shown that Mr. Wood made the crew work faster. Without further evidence of Mr. Wood's ability to control the crew's work, *Natural Gas Processing* is clearly distinguishable. The district court did not err in granting summary judgment for Defendants on this claim.

Mr. Dow next argues that Defendants are liable because they affirmatively assumed duties with respect to safety. *See Jones*, 718 P.2d at 896. Thus, he reasons, Defendants are liable for his injuries despite Grace Drilling's status as an independent contractor. In support of this contention, Mr. Dow cites to the original lease between LLE and the Bureau of Land Management ("BLM") and to the master service contract between LLE and CWC. Both the lease and the master service contract contain language which obligates LLE and/or CWC to comply with all applicable safety regulations and to provide generally for the safety and health of workers and employees.[1]

Mr. Dow misconstrues, however, the law relating to independent contractors. As stated before, an employer can become liable in tort to an independent contractor where it exercises control over the manner of the independent contractor's performance or where it assumes affirmative duties with respect to safety. *Jones*, 718 P.2d at 897; *Natural Gas Processing*, 886 P.2d at 1184. This rule is discussed in the context of the employer's relationship with the independent contractor. Exercise of control and assumption of affirmative duties are signals that the employer's role in the performance of the independent contractor's work has become so pervasive that tort liability is warranted. In other words, the rule is concerned with the interaction between the employer and the independent contractor. The rule does not concern itself with the interaction between the employer and other parties. Thus, in order for the employer to assume duties of safety within the meaning of the rule, it must warrant to the independent contractor, either contractually or as evidenced by its actions, that it has affirmatively assumed duties of safety. *See, e.g., Abraham v. Andrews Trucking Co.*, 893 P.2d 1156, 1157 (Wyo.1995) (examining agreement between employer and independent contractor as well as the "duties ... actually exercised" in order to determine whether affirmative duties were assumed);

---

1. Specifically, Mr. Dow cites to the following language in the BLM lease:

> (j) *Diligence, prevention of waste, health and safety of workmen.* ... [T]o carry on all operations in accordance with approved methods and practice as provided in the Oil and Gas Operating Regulations, having due regard for the ... health and safety of workmen and employees.

Appellant's App. at 19. Mr. Dow also points out similar language in the master service contract between LLE and CWC:

> 5. CONTRACTORS RESPONSIBILITIES:
> ....

> (c) Contractor shall perform the work in accordance with safe practices, taking all reasonable precautions to protect ... workmen.... Contractor shall, prior to the commencement of work, become fully familiar with ... safety regulations and all occupational safety regulations set forth in applicable law. Contractor shall be responsible for full compliance with such regulations.
> ....

> (j) Contractor shall comply with all laws, regulations ... which are applicable to this Contract....

Appellant's App. at 121–22.

*Hill v. Pacific Power & Light Co.*, 765 P.2d 1348, 1350 (Wyo.1988) (examining contract between employer and independent contractor in order to determine whether affirmative duties were assumed). For purposes of this rule, the Defendants' contracts with the BLM or between themselves are irrelevant. Mr. Dow has not pointed out how the Defendants, either contractually or through their actions, assumed any duties of safety directly with Grace Drilling. We have reviewed our decision in *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584 (10th Cir.1987), and have determined that it is not contrary to our resolution of this case.[2]

■ Our conclusion is further buttressed by the Supreme Court of Wyoming's opinion in *Stockwell v. Parker Drilling Co.*, 733 P.2d 1029 (Wyo.1987). In *Stockwell* the court discussed the Restatement, Second, of Torts § 424 which provides:

> "One who by statute or by administrative regulation is under a duty to provide specified safeguards or precautions for the safety of *others* is subject to liability to the others for whose protection the duty is imposed for harm caused by the failure of a contractor employed by him to provide such safeguards or precautions."

*Stockwell*, 733 P.2d at 1032. The court held that the term "others" did not encompass employees of independent contractors. *Id.* Thus, Defendants did not owe Mr. Dow any statutory duty of care in the absence of the necessary affirmative assumption of duty or the exercise of control over Mr. Dow's work.

Finally, Mr. Dow argues that the district court improperly struck portions of his expert's affidavit. In light of our disposition of the case, we need not consider this issue. For the foregoing reasons, we AFFIRM.

---

**2.** In *Hull,* we held that the threshold duty owed by the holder of a federal lease to its agent's employee could be confirmed by regulatory language that "track[ed]" the common law standard of care. 812 F.2d at 590. We did not hold, or even indicate, that such regulatory language altered Wyoming law as to what constitutes an affirmative assumption of duties in an employer/independent contractor relationship. *Hull,* accordingly, does not advance Mr. Dow's argument.