PITZER, APPELLEE, *v.* SEARS, ROEBUCK & CO., APPELLANT.

(Decided March 8, 1940.)

*Messrs. Buchwalter & Buchwalter,* for appellee.
*Messrs. Hoppe, Lea, Day & Ford,* for appellant.

NICHOLS, P. J. Sarah Pitzer brought her action in the Common Pleas Court of Trumbull county against Sears, Roebuck & Company, praying damages for per-

sonal injuries received by her on December 17, 1937, at about 12:30 p. m., when she stepped to the sidewalk from an automobile parked in front of defendant's store and immediately fell over a keg of sand, which she claims defendant had placed on the sidewalk a few inches inside the curb.

In her petition, plaintiff alleges that defendant was "negligent" in the following respects, to wit:

"First: In placing and permitting an obstacle and obstruction on the sidewalk and street in front of the defendant's store at No. 155 South Park avenue, Warren, Ohio, with knowledge of the placement and maintenance of said obstacle and obstruction, and of the volume of pedestrians and traffic at said point.'

"Second: In failing to have any warning, signal or other notice of the existence of said obstruction and obstacle to persons including this plaintiff using said sidewalk at the times herein named.

"Third: In failing to exercise ordinary care by placing upon the sidewalk said tub or bucket of sand which this plaintiff had no means or way of seeing as she alighted from her automobile.

"Fourth: That the defendant placed said bucket or tub of sand on said dedicated public sidewalk in a dangerous and careless place and manner."

For its answer, defendant admitted that on the date alleged it was doing business in the state of Ohio, and was operating a store at No. 155 South Park avenue, in the city of Warren, and that at or near the time and place alleged in the petition plaintiff fell and sustained injuries, but denied that plaintiff was injured in the manner or to the extent alleged, and denied that it was guilty of any negligence directly and proximately causing her injuries. The further allegations of the petition are denied and the answer alleges that the injuries and damages sustained by plaintiff were caused by her own negligence.

Plaintiff's reply denies that she was guilty of any

act of negligence whatsoever directly and proximately contributing to her injuries and damages.

The trial resulted in a verdict of the jury in favor of plaintiff in the sum of $750. Judgment having been entered on the verdict in favor of plaintiff, the defendant prosecutes appeal to this court on questions of law, a number of grounds of error being set forth for the reversal of the judgment below, and it being the further claim of defendant that it was entitled to final judgment upon the several motions made by it for directed verdict and for judgment notwithstanding the verdict.

Defendant's motions for directed verdict and for judgment notwithstanding the verdict, made in the trial court, and its claim for final judgment in this court are based upon two propositions: First, it is claimed that plaintiff's action is one founded upon negligence as distinguished from nuisance, because in the petition the pleader has chosen to say that defendant "negligently" caused the tub or bucket over which plaintiff fell to be placed on the sidewalk and allowed the same to remain thereon, and it is contended by defendant that the evidence establishes that this tub was placed on the sidewalk by an independent contractor for whose negligence defendant is not responsible; and second, it is claimed that the evidence is insufficient to warrant the trial court submitting the issue to the jury upon the ground of negligence. With neither of these contentions are we able to agree. The mere fact that plaintiff in describing the conduct of the defendant alleged that it was "negligent" does not limit the action to one for negligence because plaintiff has alleged in her petition that the defendant placed and permitted "an obstacle and obstruction on the sidewalk and street" in front of defendant's store in Warren "in a dangerous and careless place and manner." These quoted allegations clearly allege facts constituting a nuisance, especially in view of Section 13421, General

Code, which provides that "whoever obstructs or incumbers, by fences, buildings, structures or otherwise, a public ground, highway, street or alley of a municipal corporation, shall be fined * * *."

It cannot be doubted that the sidewalk is that portion of the street usually devoted to pedestrian travel, but the sidewalk is, nevertheless, a part of the street. If the defendant placed an obstruction upon the sidewalk which was in fact, as alleged in the petition, dangerous and therefore likely to cause injury and damage to one in the lawful use of the street, it cannot be said otherwise than that the defendant is liable for such nuisance to one injured thereby. Whether the bucket over which plaintiff fell was such a dangerous obstruction of the sidewalk as to constitute a nuisance was a question of fact for the jury under proper instructions of the court as to what constitutes a nuisance.

We are not here concerned with any question as to whether plaintiff's action would abate upon her death under the Code provision that an action for nuisance abates with the death of the party injured thereby. In submitting the issues to the jury, plaintiff requested that certain instructions be given before argument, which clearly show an intention upon the part of plaintiff to base her claim against defendant for the creation and maintenance of a nuisance in a public highway. Liberal construction must be given to the petition, and we think it sufficient as basing liability upon the ground of nuisance.

It is, perhaps, unnecessary now to determine whether the record in this case discloses the relationship of independent contractor, for the reason that the defendant, by the employment of an independent contractor, is not relieved of liability for the creation and maintenance of a nuisance in the public street. We deem it proper, however, to say upon this subject that we have not been able to bring ourselves into accord with the claim of defendant that the relationship of inde-

pendent contractor has been established. The facts disclosed by the record show that the defendant purchased and paid a nurseryman for certain trees to be furnished in tubs and placed on the sidewalk as a part of the Christmas decoration of the streets of the city of Warren, and authorized the nurseryman to place the tubs containing the trees upon the sidewalk.

While the evidence does not disclose that defendant gave any instructions to the nurseryman as to the place or manner of putting the tubs with the trees therein on the sidewalk, it is quite clear from the evidence that the defendant had complete control of this matter and could have directed the nurseryman to place the tubs containing the trees wherever it desired. It is not the fact of control but the right of control which determines the relationship between the defendant and the nurseryman; nor is it decisive of the issue whether the tub with the tree in it would not constitute a nuisance upon the street. The question is whether the tub, after the tree was removed, constituted such dangerous obstruction of the street as was reasonably likely to cause injury and damage to one lawfully using the sidewalk. Upon this proposition the record shows that evidence was offered upon the trial from which reasonable minds could arrive at different conclusions, and the issue was therefore one for the jury under proper instructions. There was no error in the trial court overruling the motions for directed verdict or the motion for judgment notwithstanding the verdict.

The further claim is made by defendant that plaintiff, by her own testimony, acknowledged that she did not see the tub on the sidewalk until the instant she fell over it, and that therefore she was guilty of negligence as a matter of law which directly contributed to her injury. With this contention we do not agree. The question of contributory negligence of plaintiff was properly submitted to the jury under the evidence

shown by the record, it being plaintiff's claim that when she alighted from the automobile parked in front of defendant's store, the door of the automobile swung forward and obscured the tub located on the sidewalk, and that she had no opportunity to see the obstruction until she had fallen over it. Whether plaintiff was negligent under the circumstances was a question for the jury, this court not being in accord with the claim of the defendant that the mere fact that plaintiff failed to see the obstruction on the sidewalk in broad daylight would defeat her recovery. It was the province of the jury to determine under the particular circumstances shown by the evidence whether plaintiff acted as a reasonably prudent person would act under the same or similar circumstances.

Defendant contends that the trial court erred in giving to the jury certain special requests to charge before argument. We find no error in this respect except as to request No. 2, which is as follows:

"2. The court says to you as a matter of law that a pedestrian on a duly dedicated sidewalk of a municipal corporation has a right to assume that said sidewalk is free and clear of all obstructions, and if you find from the evidence that the defendant, or its officers, agents or employees placed or caused to be placed said bucket or tub on the sidewalk, and that the same was a nuisance, and if you further find that the plaintiff while in the exercise of ordinary care was injured thereby, the plaintiff is entitled to recover."

This request to charge omits, after the word "assume," the further necessary words, "in the absence of knowledge to the contrary." It is only in the absence of knowledge to the contrary that a pedestrian may assume that the sidewalk is free and clear of obstructions. This being a request to charge before argument, it was required that the charge state the law correctly.

Defendant further contends that the trial court erred

in refusing to give three certain requests submitted by defendant before argument, as follows:

"3. If the tub of sand over which the plaintiff claims to have fallen was plainly visible and if the fall occurred in broad daylight, then the plaintiff would not be entitled to recovery and this is true irrespective of whether or not the defendant itself was guilty of any negligence upon the occasion alleged in the petition."

"5. The court says to you as a matter of law that if the plaintiff, Sarah Pitzer, took a step either forward or backward without seeing where she was walking, then she was guilty of negligence; and if any such failure on her part operated in the slightest degree to cause her fall or the injuries of which she complains, she cannot recover; and this is true whether or not the defendant, Sears, Roebuck & Co., was guilty of any negligence."

"7. The court says to you as a matter of law that you cannot find the defendant guilty of negligence unless:

"1. Its officers or agents or employees placed the tub upon the sidewalk without a tree, or having placed the tub upon the sidewalk removed the tree; or

"2. Its officers or agents knew that the tub was standing upon the sidewalk in front of its store without a tree; long enough before the accident to have removed the tub in the exercise of ordinary care; or

"3. The tub was standing upon the sidewalk without a tree for so long a time that the officers or agents or employees of defendant in the exercise of ordinary care should have seen it and removed it.

"In determining this question you cannot hold defendant responsible for the acts of an independent contractor not in its employ; nor can you conclude from the fact that the tub was on the sidewalk without a tree at the time Mrs. Pitzer fell that it had been

there in that condition for any length of time unless you have other evidence to support your conclusion."

We find no error in the refusal of the court to give these requests to charge, or any of them. For their authority that the trial court should have given requests No. 3 and No. 5, counsel for defendant rely upon the case of *Village of Conneaut* v. *Naef*, 54 Ohio St., 529, 44 N. E., 236, wherein it is said that:

"One who goes voluntarily upon an accumulation of ice on a walk of a village cannot maintain an action against such village for a personal injury resulting to him, if the source of danger is plainly visible."

It is a matter of common knowledge that ice accumulated on a walk of a village is slippery and likely to cause one who voluntarily goes upon it to fall. The word "voluntarily" assumes that one going upon the ice thus accumulated knows that it is dangerous for him so to do and imports an assumption of the risk. The case is clearly distinguishable from that now under review.

Defendant's request No. 7 is based solely upon the theory of negligence as distinguished from nuisance and would for that reason be misleading to the jury.

In the general charge of the court to the jury, the trial court defined "nuisance" as follows:

"Now, a nuisance is defined in law as that which causes hurt, inconvenience, annoyance or damage to the rights of another or the public."

The court had theretofore told the jury that if it found "by the greater weight of the evidence that the defendant had the tub placed and maintained it on the public sidewalk and in such location and position that a dangerous condition amounting to a nuisance was created and permitted on the public sidewalk, and that as a direct and proximate result thereof plaintiff sustained injuries," then the verdict should be for the plaintiff, providing she was free from negligence which directly and proximately contributed to cause her own

injuries. It follows that the trial court instructed the jury that if it found the defendant, by its agents or servants, had placed the tub on the sidewalk, and that this tub was an inconvenience or annoyance to plaintiff in the lawful use of the sidewalk, and she was at the time free from negligence directly contributing to her injuries, she was entitled to recover.

It is difficult to see how plaintiff under these instructions could fail to obtain a verdict at the hands of the jury, provided only that they should find from the evidence that the defendant, through its agents or servants, had placed the tub on the sidewalk, it not having been denied by defendant that plaintiff fell over this tub on the sidewalk. The mere fact that plaintiff fell over the tub would be sufficient for the jury to find that the tub on the sidewalk caused plaintiff inconvenience or annoyance.

The charge of the court wherein the term "nuisance" was defined was based upon certain general language of the Chief Justice in the opinion in the case of *Selden* v. *City of Cuyahoga Falls,* 132 Ohio St., 223, 6 N. E. (2d), 976. We are of opinion that the Chief Justice did not, by the language used, intend to define the term "nuisance" as applicable to an action of the nature here under review. The language is not carried into the syllabus, it being merely stated in the opinion that "It has been said that * * * a nuisance is that which causes hurt, inconvenience, annoyance or damage to the rights of another or the public." Doubtless it is true that in certain actions for damages caused by the creation of a nuisance, the definition would be applicable; for example, where the defendant is charged with maintaining a slaughter house in a residential section of a city and so near to the premises of plaintiff as to be obnoxious, thereby causing annoyance to one in the lawful use of his own premises. Many other examples might be given.

The language of the Chief Justice in *Selden* v. *Cuya-*

*hoga Falls, supra,* was simply a deduction on his part of the distinction between negligence and nuisance, and did not purport to be a statement to a jury as to the meaning of the word for purposes of defining their functions in the lawsuit. Accurate though it was, so far as it went, we do not believe that it adequately presents to the jury the question involved, and we are of opinion that the definition as given by the court to the jury in the case under review would affirmatively mislead the jury as to the questions which were being submitted to them and amounted to a failure to properly define the issues.

For the error in the general charge of the court to the jury in defining the term "nuisance," and for error in giving to the jury before argument plaintiff's special written request No. 2, the judgment of the trial court must be reversed, it appearing that such errors are prejudicial to the rights of the defendant, whereby substantial justice has not been done it.

The judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

Carter and Phillips, JJ., concur.