Thomas A. SAWYER and Loeva Sawyer, husband and wife, d/b/a Wong Village, Appellants (Plaintiffs),

v.

The CITY OF SHERIDAN, Wyoming, a Municipal Corporation, Appellee (Defendant).

No. 90-9.

Supreme Court of Wyoming.

June 25, 1990.

---

Micheal K. Shoumaker, Sheridan, for appellants.

Robert W. Brown of Lonabaugh and Riggs, Sheridan, for appellee.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

URBIGKIT, Justice.

Municipal government damage immunity in a lawsuit asserting that appellee, City of Sheridan, was negligent in requiring the use of iron pipe in a mobile home village owned by appellants, Thomas A. and Loeva Sawyer, d/b/a Wong Village (Sawyers), is the issue we address. The order of the district court is affirmed in granting summary judgment for the City of Sheridan because it had immunity within the Wyoming Governmental Claims Act, W.S. 1-39-101 through 1-39-120.

This matter was initiated when the Sawyers filed a claim against the City of Sheridan by letter dated April 29, 1988. The Sawyers asserted they built a mobile home village during 1976-77. In conformance with the City of Sheridan's then extant general code for mobile home parks, the Sawyers used iron pipe in the mobile home village's water system after a building variance to use PVC pipe had been denied.[1] During May through July 1987, a number of leaks were discovered in the mobile home village's water line. Both soil condition aggressive environment and dissimilar metal electrolic interaction were implicated in the pipe failure. Investigation by the Sawyers and the Sheridan City Engineer revealed that the iron pipe had corroded and then commenced leaking. The Sawyers further alleged that the ordinance requiring iron pipe was negligently adopted without adequate testing or research and that the ordinance had been enforced arbitrarily and discriminatorily in that other mobile home villages had been given variances to use PVC pipe for water systems. The Sawyers asked $157,000 in damages for the cost of repairs and for lost revenue during the time the mobile home village was under repair. The City of Sheridan declined to pay the claim and suit was commenced by complaint filed on March 31, 1989.

Counsel for the City of Sheridan filed a motion for summary judgment acknowledging that, although the mobile home village was built in 1976-77 and a variance was refused at that time, the Sawyers' claim against the City of Sheridan did not accrue until 1987 when the damage to the iron pipe was discovered. The City of Sheridan asserted its immunity under Wyoming's Governmental Claims Act and demonstrated through affidavits that it had no insurance coverage extending its liability beyond that contained in the Act. Also, because its officials and employees were performing discretionary acts of a legislative, quasi-legislative, or quasi-judicial nature, the City of Sheridan claimed immunity under the doctrine of discretionary act immunity.

In response to the City of Sheridan's motion for summary judgment, the Sawyers maintained that W.S. 1-39-108(a) provided a window for their claim.

(a) A governmental entity is liable for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation of public utilities and services including gas, elec-

---

1. The record which results from summary judgment does not reveal the source of this building and use code or whether some national code had been adopted by reference or in complete text.

tricity, water, solid or liquid waste collection or disposal, heating and ground transportation.

W.S. 1–39–108(a). The Sawyers also argued that the acts of the City of Sheridan and its officials were ministerial rather than legislative and, therefore, the City of Sheridan could not seek refuge in the doctrine of legislative immunity. *See Pickle v. Board of County Com'rs of County of Platte,* 764 P.2d 262, 266 (Wyo.1988) and *Oroz v. Board of County Com'rs of Carbon County,* 575 P.2d 1155, 1158 (Wyo. 1978).

The district court granted summary judgment for the City of Sheridan. The district court found that the City of Sheridan had no insurance coverage for the alleged damages and that the Sawyers' claim was not one which fell within the statutory exceptions to the general immunity provided for in W.S. 1–39–104.[2]

■ Wyoming's Governmental Claims Act is a close-ended tort claims act. *White v. State,* 784 P.2d 1313 (Wyo.1989); *Abelseth v. City of Gillette,* 752 P.2d 430, 433 (Wyo.1988); *Boehm v. Cody Country Chamber of Commerce,* 748 P.2d 704, 709 (Wyo.1987). By this, we simply mean that unless the claim falls within one of the statutory exceptions, it will be barred. The Sawyers assert their claim falls within W.S. 1–39–108(a), but even a superficial analysis of that exception to immunity reveals that the claim asserted is not encompassed by that statute. The asserted wrongdoing on the part of the City of

Sheridan does not spring from "operation" of a public utility. The claim is clearly one which asserts that the Sheridan City Council was negligent in adopting an ordinance which proved over time to be unsatisfactory or perhaps even ill-considered.

■ Enactment of a municipal building code addresses a public benefit. 57 Am. Jur.2d *Municipal, County, School and State Tort Liability* § 221 (1988). A city may regulate the weight and grade of plumbing materials to be used and where it does not plainly appear that the requirements of the ordinance lack any direct or substantial relation to public health and welfare, the ordinance is presumed to be sound. *Kleinhein v. Board of Com'rs of City of Wichita,* 98 Kan. 431, 157 P. 1190, 1191 (1916); 7 McQuillin, *Municipal Corporations* § 24.338 (3rd ed. 1989). Here, the complaint is not that a city employee committed an act of negligence in the operation of the water system; but, rather, that the Sheridan City Council should never have enacted an ordinance which included a requirement to use iron pipe. The claim simply does not fit in the niche provided by W.S. 1–39–108(a).

The summary judgment in favor of the City of Sheridan is affirmed.

---

**2.** Although it is clearly surplusage since we agree with the district court that Wyoming's Governmental Claims Act provides immunity to the City of Sheridan under these circumstances, the district court also found that the acts of the City of Sheridan, in requiring iron pipe, were not a quasi-legislative act which would entitle the City of Sheridan to the protection of legislative immunity. We need not address this issue,

because it is clear that the City of Sheridan is immune from this suit, but we note in passing that the district court's finding in this regard may be inconsistent with discussion in *Pickle,* 764 P.2d 262 where we considered enactment of zoning ordinance or regulations which are arguably similar to adoption of general building codes.