Gaylene SOLES and Kenneth Soles,
Appellants (Plaintiffs),

v.

The STATE of Wyoming,
Appellee (Defendant).

No. 90–221.

Supreme Court of Wyoming.

April 17, 1991.

Robert N. Williams of Meyer and Williams, Jackson, for appellants.

James K. Lubing and Robert B. Brodie of Goody & Lubing, Jackson, for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

OPINION

MACY, Justice.

Appellants Gaylene Soles and Kenneth Soles sought to recover damages from Appellee State of Wyoming, alleging that the State was negligent in inspecting the stairway on which Mrs. Soles fell and injured herself. The district court granted summary judgment in favor of the State on the basis that the Wyoming Governmental Claims Act does not permit tort suits for negligent inspections of buildings.

We affirm.

The Soleses pose these questions:

I. Does a governmental entity which performs periodic inspections as part of maintenance on a building waive immunity for negligently performed maintenance pursuant to W.S. § 1–39–106 (1977 as amended)?

II. Does a failure to designate the record as required by Rule 302 of the local rules for the district courts render a judgment based on a motion for summary judgment void?

III. Is a material issue of fact presented which precludes the entry of summary judgment on a negligence question in favor of the State of Wyoming?

On April 21, 1987, Mrs. Soles slipped and fell down a stairway on the outside of a

building located in Jackson, Wyoming. The accident occurred as Mrs. Soles was leaving the building after taking her grandson there to attend the Learning Center (a special children's program run by Teton County). Because the building housed a child care facility, the Department of Fire Prevention & Electrical Safety conducted annual inspections of the building. All inspection reports indicated that the building met the requirements for having handrails in the stairways. The Soleses alleged that the building in question was built, maintained, and controlled by the State.[1] Documents in the record indicate that the building was owned and operated by Teton County and that it was known as the Social Services Building. The State leased 714 square feet of space in that building to provide office space for the Division of Public Assistance and Social Services. The lease between Teton County and the State provided:

> Said rental shall include utilities, snow removal, necessary repairs and maintenance, barrier free access to the building and rest rooms for the handicapped and janitorial services.

Mrs. Soles' claim was for medical expenses (past and future), loss of wages and earning capacity (past and future), and pain, suffering, mental anguish, and loss of enjoyment of life (past and future). Mr. Soles' claim was premised upon the loss of services, consortium, companionship, society, and support of his wife (past and future).

The State has abrogated sovereign immunity to a limited extent. We have pointed out on several occasions that the Wyoming Governmental Claims Act, Wyo.Stat. §§ 1–39–101 to –120 (1988 & Supp.1990), is a close-ended tort claims act. *Sawyer v. City of Sheridan*, 793 P.2d 476 (Wyo.1990). "By this, we simply mean that unless the claim falls within one of the statutory exceptions, it will be barred." *Id.* at 478. The Soleses seek to overcome the State's claim of immunity via § 1–39–106:

> A governmental entity is liable for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, recreation area or public park.

The Soleses assert that the inspections performed by the Department of Fire Prevention & Electrical Safety are encompassed by the word "maintenance." They base this in part upon the answers given by the state fire marshal, as well as one of his employees, which indicate that such inspections were preventative maintenance.

We must construe § 1–39–106 in the light of the facts pleaded by the Soleses. For this purpose, we examine the record from the vantage point most favorable to the Soleses, and we give them the benefit of all favorable inferences which may fairly be drawn from the record. *Wagner v. First Wyoming Bank, N.A. Laramie*, 784 P.2d 224 (Wyo.1989). If a statute is clear and unambiguous, we will not resort to rules of statutory construction, and the words will be given their plain and ordinary meaning. *Johnson v. Statewide Collections, Inc.*, 778 P.2d 93 (Wyo. 1989). Under these circumstances, "maintenance" means, "the labor of keeping something (as buildings or equipment) in a state of repair or efficiency: care, upkeep." Webster's Third New International Dictionary 1362 (1986). "Inspection," as used in the context of this case, means, "an examination or a survey of a community, of premises, or of an installation by an authorized person (as to determine compliance with regulations or susceptibility to fire or other hazards)." *Id* at 1170. If a statute employs a term which has a standard popular meaning, the term is presumably used in its ordinary and usual sense unless another sense is clearly intended. Wyo.Stat. § 8–1–103(a)(i) (1989); *Mendicoa v. State*, 780 P.2d 1346 (Wyo.1989). We hold that § 1–39–106 does not provide a waiver of sovereign immunity for the negligence

---

1. This action originally included Teton County as a defendant. The claims against Teton Coun-

ty were settled, and, therefore, this appeal involves only the State.

claims pleaded because the inspections conducted by the Department of Fire Prevention & Electrical Safety simply were not "maintenance" as contemplated by that statute.

■ The Soleses also rely upon the "shall be liberally construed" language found in Wyo.Stat. § 1–1–101 (1988). To the extent that this statute is applicable, it must be tempered by the plain statement of purpose given in the Wyoming Governmental Claims Act, as it provides more guidance in a case such as this than does § 1–1–101. The purpose of the Wyoming Governmental Claims Act is:

(a) The Wyoming legislature recognizes the inherently unfair and inequitable results which occur in the strict application of the doctrine of governmental immunity and is cognizant of the Wyoming Supreme Court decision of *Oroz v. Board of County Commissioners*, 575 P.2d 1155 (1978). It is further recognized that the state and its political subdivisions as trustees of public revenues are constituted to serve the inhabitants of the state of Wyoming and furnish certain services not available through private parties and, in the case of the state, state revenues may only be expended upon legislative appropriation. This act is adopted by the legislature to balance the respective equities between persons injured by governmental actions and the taxpayers of the state of Wyoming whose revenues are utilized by governmental entities on behalf of those taxpayers. This act is intended to retain any common law defenses which a defendant may have by virtue of decisions from this or other jurisdictions.

(b) In the case of the state, this act abolishes all judicially created categories such as "governmental" or "proprietary" functions and "discretionary" or "ministerial" acts previously used by the courts to determine immunity or liability. This act does not impose nor allow the imposition of strict liability for acts of governmental entities or public employees.

Section 1–39–102. A liberal interpretation does not permit, or require, us to force words out of their natural meaning; it means only that "words should not be forced out of their natural meaning and should receive a fair and reasonable construction so as to obtain the objects for which a statute is designed." *Thomson v. Wyoming In–Stream Flow Committee*, 651 P.2d 778, 789 (Wyo.1982). As contemplated by § 1–39–106, "maintenance" does not include "inspection."

The Soleses cite case law from several jurisdictions which they claim supports the conclusion that the inspections performed by the Department of Fire Prevention & Electrical Safety should be encompassed by § 1–39–106. We have recognized the main thrust of these cases in *DeWald v. State*, 719 P.2d 643 (Wyo.1986). The basic message conveyed by *DeWald* and the cases cited by the Soleses, as it pertains to this case, is that the doctrine distinguishing between the public-duty rule and the special-duty rule is no longer recognized. The concept that a governmental entity may have a duty to the public in general but no special duty to individual citizens is no longer viable. That holding is not relevant here, for the question is not whether the State owed a duty to the Soleses; rather, it is whether the Wyoming Governmental Claims Act abrogated sovereign immunity under the circumstances of this case.

■ The Soleses also assert that the State failed to comply with Rule 302 of the Uniform Rules for the District Courts of the State of Wyoming in that it made no reference to its discovery materials in its second motion for summary judgment (the first motion for summary judgment was denied by the district court). The Soleses do not demonstrate this issue was ever raised before the district court, nor do they show any prejudice occurred. Even if we assume that error existed, we disregard any error which does not affect a substantial right. W.R.A.P. 7.04. *See Smith v. Kennedy*, 798 P.2d 832 (Wyo.1990).

Finally, the Soleses argue that this case should be reversed, citing *Knudson v. Hilzer*, 551 P.2d 680 (Wyo.1976), for the proposition that negligence cases do not lend themselves to summary disposition. That

rule is not applicable under the circumstances presented here because no statutory waiver of sovereign immunity exists under the Wyoming Governmental Claims Act upon which the Soleses could base their claims.

Affirmed.