Vince DiVENERE and Margo
DiVenere, Appellants
(Plaintiffs),

v.

The UNIVERSITY OF WYOMING,
Appellee (Defendant).

No. 90–268.

Supreme Court of Wyoming.

May 10, 1991.

Michael Schilling, Laramie, for appellants.

Mayo Sommermeyer of Anderson, Sommermeyer, Wick & Dow, Ft. Collins, Colo., for appellee.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

URBIGKIT, Chief Justice.

Appellants, Vince and Margo DiVenere, sought damages pursuant to the Wyoming Governmental Claims Act (GCA), W.S. 1–39–101 through 1–39–120, alleging that Mrs. DiVenere was injured when she slipped and fell on an icy patch on the concourse leading to the upper deck of the University of Wyoming's football stadium.[1] The district court granted summary judgment for appellee, the University of Wyoming, deciding that Wyoming's close-ended tort claims act made no exception to immunity for ramps or concourses.

We reverse and remand for further proceedings.

The DiVeneres assert that the University of Wyoming's immunity is waived by W.S. 1–39–106:

**§ 1–39–106. Liability; buildings, recreation areas and public parks.**

A governmental entity is liable for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, recreation area or public park.

They contend that the concourse ramps are permanently affixed as an integral part of

---

1. The DiVenere complaint alleges a variety of negligence claims including: negligent construction of the concourse; negligent maintenance; negligent failure to warn of a dangerous condition; failure to inspect for dangerous conditions such as the presence of ice; negligent failure to guard or barricade the area of ice or otherwise warn pedestrians of the danger.

We will not directly comment on which of these claims are to be the subject of further proceedings because we address here only the district court's grant of summary judgment based upon the application of W.S. 1–39–106, *infra.*

The question whether liability insurance existed under the purview of W.S. 1–39–118(b) was neither considered in district court before summary judgment was granted nor briefed for presentation in this court on appeal. *See Pickle v. Board of County Com'rs of County of Platte,* 764 P.2d 262 (Wyo.1988).

the stands within the football stadium (War Memorial Stadium) and the area itself fits within the definition of "building." In addition, the DiVeneres contend the "building" is a part of the athletic complex at the University of Wyoming and is included within the definition of "recreation area." The district court rejected this argument, finding that the claim did not fit within any of the terms of the statute and, thus, immunity governed per *Sawyer v. City of Sheridan*, 793 P.2d 476 (Wyo.1990).

■ The University of Wyoming agrees there is no contention about the existence of a genuine issue of material fact, and the only issue is the application of the GCA. The University of Wyoming contends, and the district court agreed, that W.S. 1–39–106 does not make specific mention of ramps or concourses and, therefore, immunity, as provided for by the GCA, governs. The University of Wyoming also argues that the ramps or concourses are included within the retraction of immunity found in W.S. 1–39–120:

§ **1–39–120. Exclusions from waiver of immunity.**

(a) The liability imposed by W.S. 1–39–105 through 1–39–112 does not include liability for damages caused by:

(i) A defect in the plan or design of any bridge, culvert, highway, roadway, street, alley, sidewalk or parking area;

(ii) The failure to construct or reconstruct any bridge, culvert, highway, roadway, street, alley, sidewalk or parking area; or

(iii) The maintenance, including maintenance to compensate for weather conditions, of any bridge, culvert, highway, roadway, street, alley, sidewalk or parking area.

The University of Wyoming contends the ramps or concourses are "sidewalks" and, hence, immunity governs.[2] The district court rejected this contention in the summary judgment, reasoning that they are not included within any of the terms used by the statute.

■ The word "recreation" means, "1 a: the act of recreating or the state of being recreated: * * * diversion, play * * *. b: a means of getting diversion or entertainment * * *." Webster's Third New International Dictionary 1899 (1971). More directly, as used in W.S. 1–39–106, in its adjectival form, "recreation" means: "equipped so as to provide diversions or amusements * * *." *Id.* If a statute employs a term which has a standard meaning, the term is presumably used in its ordinary and usual sense unless another sense is clearly intended. W.S. 8–1–103(a)(i); *Soles v. State*, 809 P.2d 772 (Wyo. 1991). Here, the word "recreation" is used in its standard meaning; indeed, we know of no other meaning the word might have. If a statute is clear and unambiguous, we will not resort to rules of statutory construction, and the words will be given their plain and ordinary meaning. *Id.* We hold that War Memorial Stadium at the University of Wyoming is a recreation area as contemplated by W.S. 1–39–106. Sports facilities are recreation areas. *In re Stagebrush Promotions, Inc.*, 98 Pa.Cmwlth. 634, 512 A.2d 776 (1986). This includes football, *Taylor v. City of Appleton*, 147 Wis.2d 644, 433 N.W.2d 293 (1988).

■ The University of Wyoming contends the ramps or concourses are "sidewalks" as contemplated by W.S. 1–39–120. These structures do not readily fit the usual meaning of the term "sidewalk," "a walk for foot passengers usu[ally] at the side of a street or roadway: a foot pavement." Webster's Third New International Dictionary, *supra*, at 2113. Moreover, in context, it is clear that "sidewalks" refer to those foot paths that appear in conjunction with bridges, highways, roadways, streets, alleys, or parking areas. A sidewalk is generally considered to be part of the public street. *Nikiel v. City of Buffalo*, 7 Misc.2d 667, 165 N.Y.S.2d 592 (1957); *Pitzer v. Sears, Roebuck & Co.*, 66 Ohio App. 35, 31 N.E.2d 450 (1940); *Brunette v. Bierke*, 271 Wis. 190, 72 N.W.2d 702 (1955). The ramps or concourses at issue here are

---

**2.** The anomalies to be created by W.S. 1–39–120 have not been without recognition. *White v.*   *State*, 784 P.2d 1313, 1333 (Wyo.1989) (Urbigkit, J., dissenting).

not such sidewalks. Rather, they are, in our view, an integral part of the recreation area itself. Thus, the summary judgment must be reversed. *Cordova v. Gosar*, 719 P.2d 625, 634–35 (Wyo.1986) (Stage One).

In conclusion, we hold that the DiVenere complaint, as filed, first states a cause of action, at least insofar as it alleges bodily injury caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of a recreation area, and second, that the University of Wyoming is not immune from such suit.

Reversed and remanded for further proceedings consistent with this opinion.