Randy J. MAKINEN and Lorie
B. Makinen, Appellants
(Plaintiffs),

v.

PM P.C., a Wyoming corporation; The Officers and Directors of Larry's, Inc., a Wyoming corporation, Larry F. Suchor (President), Joe (George) O. Suchor (Vice–President), and Leo Suchor (Secretary/Treasurer); and Jim Larscheid (Employee of PM P.C.), each individually and severally, Appellees (Defendants).

No. 94–71.

Supreme Court of Wyoming.

April 18, 1995.

Andrew W. Decora of Decora Legal Services, P.C., Laramie, representing appellants.

Christopher B. Petrie of Schaefer & Lewis, P.C., Laramie, representing appellees PM P.C. and Larscheid.

Patrick T. Holscher of Schwartz, Bon, Walker & Studer, Casper, representing appellees Suchors.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellants Randy Makinen and Lorie Makinen appeal from the district court's order which granted a summary judgment in favor of Appellees PM P.C. and Jim Larscheid and from the district court's order which granted a summary judgment in favor of Appellees Larry Suchor, Joe (George) Suchor, and Leo Suchor (the Suchors).

We affirm.

### Issues

The Makinens present three issues on appeal:

I. Whether the statutory requirement to give notice to the director of the Worker[s'] Compensation Division and the Wyoming Attorney General is a condition precedent to the filing of an action under W.S. § 27–14–105, resulting in a lack of subject matter jurisdiction for failure to comport therewith[?]

II. Whether the district court erred when it granted summary judgment to defendants, Larry, George and Leo Suchor, on the premise that plaintiff[s'] theory of the case against them was based on a theory of co-employee liability when plaintiffs explicitly framed the lawsuit against them not as co-employees, but as third parties having separate duties to plaintiffs[?]

III. Whether the district court erred when it granted summary judgment to defendants, PM, P.C., and Jim Larscheid[,] partly on the premise that plaintiff[s'] theory of the case against them was based on a theory of co-employee liability when plaintiffs explicitly framed their lawsuit against them not as co-employees, but as third parties having separate duties to plaintiffs[?]

### Facts

Mr. Makinen worked as a construction worker for Larry's, Inc., a Wyoming corporation. The Suchors were the officers of that corporation. Larry's, Inc. contracted with the Town of Saratoga to install water and sewer lines for that town (the Saratoga project). PM P.C., an engineering firm, designed the Saratoga project. Mr. Larscheid, an engineer employed by PM P.C., was assigned to the Saratoga project.

During the evening of October 25, 1991, while they were working on the Saratoga project, Mr. Makinen and another Larry's, Inc. employee were in the bottom of a ditch, tamping the earth with a compacting machine. At the same time, Larry's, Inc.'s project manager was operating a front-end loader to backfill a portion of the ditch. Mr. Makinen was positioned so that he had his back to the loader as he was operating the compacting machine. The project manager apparently dumped a load of the fill material near Mr. Makinen. Mr. Makinen contended that he was knocked to the ground and that his back was injured when some of the fill material struck him.

Mr. Makinen received worker's compensation benefits for his injuries. When the Workers' Compensation Division terminated Mr. Makinen's benefits, the Makinens filed this action in the district court against Appellees and several other defendants. Mr. Makinen sought damages for his injuries, and Mrs. Makinen claimed that she had suffered a loss of marital consortium as a result of Mr. Makinen's injuries.[1]

Appellees filed motions for summary judgments, and the district court granted those motions. The district court also certified, pursuant to W.R.C.P. 54(b), that no just reason existed for delaying the entry of the summary judgments. The Makinens appealed to this Court.

### Discussion

#### A. *Jurisdiction*

 The Makinens contend that the district court erred by ruling that it did not have subject matter jurisdiction over the case as it pertained to PM P.C. and Mr. Larscheid. Initially, we note that the order entered by the district court did not reflect the ruling alleged by the Makinens. The district court's order found only that

> there is no genuine issue as to any material fact and that Defendants, P.M., P.C., and Jim Larscheid[,] are entitled to Summary Judgment as a matter of law in their favor against the Plaintiffs[,] Randy J. Makinen and Lorie B. Makinen[,] on all of the Plaintiffs' claims against P.M., P.C., and Jim Larscheid.

---

1. The Makinens filed a motion to amend their complaint to include their children as plaintiffs so that the children could assert claims for loss of parental consortium. Although the district court granted their motion to amend the complaint, the record on appeal does not include the amended complaint.

The district court, however, stated in its decision letter following the summary judgment hearing that it did not have jurisdiction over the matter "due to [the] Makinen[s'] failure to give notice of the filing of this suit to the director and attorney general as required by the Wyoming Worker['s] Compensation Act." Even though the district court's decision to grant a summary judgment in favor of PM P.C. and Mr. Larscheid may not have been made upon the basis of a lack of jurisdiction, we will consider the jurisdictional issue on appeal. Jurisdictional issues may be considered at any time. *Gookin v. State Farm Fire and Casualty Insurance Company*, 826 P.2d 229, 232 (Wyo.1992).

Pursuant to Wyo.Stat. § 27–14–105 (1991), when an injured employee who is covered by the Wyoming Worker's Compensation Act wishes to pursue his remedies at law by filing a lawsuit, he must serve both the director of the Department of Employment and the attorney general with copies of the complaint:

(a) If an employee covered by this act receives an injury under circumstances creating a legal liability in some person other than the employer to pay damages, the employee if engaged in work for his employer at the time of the injury is not deprived of any compensation to which he is entitled under this act. He may also pursue his remedy at law against the third party or the coemployee to the extent permitted by W.S. 27–14–104(a). If the employee recovers from the third party or the coemployee in any manner including judgment, compromise, settlement or release, the state is entitled to be reimbursed for all payments made, or to be made, to or on behalf of the employee under this act but not to exceed one-third (⅓) of the total proceeds of the recovery without regard to the types of damages alleged in the third-party action....

(b) *The director and the attorney general shall be served by certified mail return receipt requested with a copy of the complaint filed in any suit initiated pursuant to subsection (a) of this section. Service of the complaint on the director and attorney general is a jurisdictional requirement in order to maintain the suit.* The director and the attor-

ney general shall be notified in writing by certified mail return receipt requested of any judgment, compromise, settlement or release entered into by an employee. If there is a settlement, compromise or release entered into by the parties in claims against a person other than the employer, the attorney general representing the director shall be made a party in all such negotiations for settlement, compromise or release. The attorney general and the director, for purposes of facilitating compromise and settlement, may in a proper case authorize acceptance by the state of less than the state's claim for reimbursement. The proceeds of any judgment, settlement, compromise or release are encumbered by a continuing lien in favor of the state to the extent of the total amount of the state's claim for reimbursement under this section and for all current and future benefits under this act.

(Emphasis added.)

The Makinens filed their complaint on February 1, 1993, but they did not serve a copy of the complaint upon the director or the attorney general at that time. PM P.C. and Mr. Larscheid filed a motion for a summary judgment on November 5, 1993, arguing, in part, that the district court did not have jurisdiction over the case because the Makinens had failed to give notice to the director and the attorney general as was required by § 27–14–105. On November 30, 1993, the Makinens served the director and the attorney general with copies of the complaint.

■ In order to determine whether the district court had jurisdiction over this case, we must construe the relevant portions of § 27–14–105. In construing a statute, we must determine whether the statute is clear or ambiguous. "[A] statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability." *Allied–Signal, Inc. v. Wyoming State Board of Equalization*, 813 P.2d 214, 220 (Wyo.1991). "[A] statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations." 813 P.2d at 219–20.

"[W]hether an ambiguity exists in a statute is a matter of law to be determined by the court." 813 P.2d at 220. If the language of a statute is clear and unambiguous, we apply the plain and ordinary meaning of the words and do not resort to the rules of statutory construction. *Soles v. State,* 809 P.2d 772, 773 (Wyo.1991).

The Makinens contend that the district court had jurisdiction over the case because they served the complaint on the director and the attorney general in compliance with the statutory notice requirement. They assert that § 27–14–105 is ambiguous with respect to when the complaint must be served upon the director and the attorney general, and they argue that service of the complaint is not required in order for the district court to obtain jurisdiction over the case. PM P.C. and Mr. Larscheid maintain that the statute is not ambiguous. They contend that, pursuant to § 27–14–105, service must be made upon the director and the attorney general before or concurrently with the filing of an action in order for the district court to acquire jurisdiction over the matter.

Section 27–14–105 is clear and unambiguous in the context of this case. Under the clear language of the statute, the district court does not obtain jurisdiction over any case which involves an injured worker until the complaint has been served upon the director and the attorney general. Accordingly, the district court did not have jurisdiction over the case at the time that PM P.C. and Mr. Larscheid filed their motion for a summary judgment.

Our ruling that the district court lacked jurisdiction would effectively dispose of this appeal. However, we presume that the district court would have dismissed the case without prejudice; therefore, in the interest of judicial economy, we will consider the other issues on appeal. *Amrein v. Wyoming Livestock Board,* 851 P.2d 769, 771 (Wyo. 1993).

### B. *Claims Against the Suchors*

■ The Makinens allege that the district court erred when it granted a summary judgment in favor of the Suchors. The district court held that the Suchors and Mr. Makinen were coemployees and that a summary judgment was appropriate because the Makinens had not shown that the Suchors were culpably negligent. The Makinens insist that the Suchors and Mr. Makinen were not coemployees and that they framed their lawsuit as being against third parties (the Suchors) who had separate duties assigned to them. The Makinens contend that they were only required to make a showing that the Suchors were ordinarily negligent in order to survive a motion for a summary judgment.

"Summary judgment is appropriate when no genuine issue of material fact exists and when the prevailing party is entitled to have a judgment as a matter of law." *Sandstrom v. Sandstrom,* 884 P.2d 968, 971 (Wyo.1994).

This Court addressed the issue of what duty a corporate officer owes to an employee of the corporation in *Barnette v. Doyle,* 622 P.2d 1349 (Wyo.1981). In that case, the corporate president argued that he was immune from liability under the Wyoming Worker's Compensation Act because he was an officer of the corporation which employed the injured worker. This Court held that, because the corporate president worked for the corporation and received a salary, he had assumed the "additional role of a coemployee" and that he could, therefore, be found to be liable to his fellow employee if he were found to be culpably negligent. 622 P.2d at 1352–55.

The Makinens insist that Mr. Makinen and the Suchors cannot be considered as being coemployees because the Suchors were not employees as defined by Wyo.Stat. § 27–14–102(a)(vii) (1991) (amended 1993). Section 27–14–102(a)(vii) provides in pertinent part:

(a) As used in this act:

. . . . .

(vii) "Employee" means any individual entering into the service of or working under contract of services or apprenticeship with an employer engaged in an extrahazardous occupation for which compensation is paid except as provided under this paragraph.... "Employee" also includes the officers of a corporation, the business of which is classed as extrahazardous, if the officers are actually subject to the

hazards of the business in the regular performance of their duties.... "Employee" does not include any individual whose employment is purely casual and not for the purpose of the usual trade or business of the employer ...

The Makinens claim that we must determine whether the Suchors were "actually subject to the hazards of the business in the regular performance of their duties" in order to decide whether they were Mr. Makinen's coemployees. We do not agree. This Court did not engage in such an analysis in *Barnette,* and we decline to do so in this case.

Under the statutory definition of "employee," corporate officers who actually work for the corporation are distinct from officers who do not. When corporate officers otherwise qualify as employees under § 27–14–102(a)(vii) because they work for and are salaried by the corporation, no determination needs to be made as to whether the officers are "actually subject to the hazards of the business in the regular performance of their duties." On the other hand, corporate officers who do not otherwise qualify as being employees under the statutory definition will be considered to be employees under the Wyoming Worker's Compensation Act only when they are "actually subject to the hazards of the business in the regular performance of their duties." Section 27–14–102(a)(vii).

The district court correctly classified Mr. Makinen and the Suchors as being coemployees. The Suchors worked for and were salaried by Larry's, Inc. They fit within the statutory definition of "employee" because they were in service to the corporation and were definitely more than casual employees. Even if, as the Makinens contend, the Suchors' duties were primarily clerical, the Suchors would still be engaged in the usual trade or business of the employer. Section 27–14–102(a)(vii).

In *Copp v. Redmond,* 858 P.2d 1125 (Wyo. 1993), we held:

[F]or claims accruing between July 1, 1987, and February 18, 1993, culpable negligence is the degree of negligence that an injured employee must prove against a co-employee in an action to recover damages for personal injury suffered in a work-related accident.

858 P.2d at 1125.

The Makinens do not contest the district court's finding that no demonstrable evidence linked any of the Suchors with Mr. Makinen's injuries. Accordingly, no genuine issue of material fact existed as to whether the Suchors were culpably negligent. *See generally Case v. Goss,* 776 P.2d 188, 191 (Wyo.1989) (holding that the Court must determine whether each employee actually owed a duty to the injured coworker).

### C. Claims Against PM P.C. and Mr. Larscheid

■ The Makinens contend that PM P.C. and its employee, Mr. Larscheid, were negligent when they breached their duty to Mr. Makinen to maintain a safe workplace and that the district court, therefore, erred by granting a summary judgment in their favor.

"Under Wyoming law, the tort of negligence must be based upon the breach of a duty where that breach proximately caused an injury to the plaintiff. Whether a legal duty exists is a question of law." *Allmaras v. Mudge,* 820 P.2d 533, 536 (Wyo.1991) (citation omitted).

■ We have carefully reviewed the evidence presented at the summary judgment hearing, and we conclude that no genuine issue of material fact existed with respect to whether PM P.C. or Mr. Larscheid, individually, had a duty to provide Mr. Makinen with a safe place to work. The contract between the Town of Saratoga and Larry's, Inc. articulated the respective responsibilities of the various parties on the Saratoga project. The contract was clear and unambiguous; therefore, we must construe the parties' intentions from the "four corners" of the document. *See Prudential Preferred Properties v. J and J Ventures, Inc.,* 859 P.2d 1267, 1271 (Wyo. 1993); *see also Johnson v. EMPE, Inc.,* 837 S.W.2d 62, 65 (Tenn.Ct.App.1992) (recognizing that, "[g]enerally, an engineer or architect can avoid liability for construction accidents by contracting that they will play no significant role in supervising the construction work"). Under the clear language of the

contract, the Town of Saratoga delegated the sole responsibility to Larry's, Inc. for directing the details of the work and for all safety matters on the job site.

 PM P.C. did not have control over the work site merely because it had "'the general right to order the contractors to stop work, to inspect the progress of the work, to make recommendations thereon, or to prescribe alterations or deviations in the work.'" *Cockburn v. Terra Resources, Inc.*, 794 P.2d 1334, 1342 (Wyo.1990) (quoting *Hill v. Pacific Power & Light Co.*, 765 P.2d 1348, 1350 (Wyo.1988)), *quoted in Natural Gas Processing Co. v. Hull*, 886 P.2d 1181, 1184 (Wyo. 1994). *See also Fiscus v. Atlantic Richfield*, 773 P.2d 158 (Wyo.1989). The Makinens direct us to a recent New Jersey decision in support of their contention that the summary judgment granted in favor of PM P.C. was improper. *Carvalho v. Toll Brothers and Developers*, 278 N.J.Super. 451, 651 A.2d 492 (Ct.App.Div.1995). In that case, the court held that the engineer had a duty to take some reasonable action to prevent injury to workers because the engineer had actual knowledge of a dangerous condition. *Id.*, 651 A.2d at 497–98. Unlike the plaintiff in *Carvalho*, the Makinens did not present any evidence which disclosed that Mr. Larscheid or PM P.C. had actual knowledge that Larry's, Inc.'s project manager would drop the fill material close enough to Mr. Makinen to injure him. Therefore, neither PM P.C. nor Mr. Larscheid was legally responsible for any deficiencies which may have compromised the safety of Mr. Makinen's workplace.[2]

### Conclusion

We hold that the district court properly granted summary judgments in favor of Appellees.

Affirmed.

THOMAS, J., filed a specially concurring opinion.

THOMAS, Justice, specially concurring.

I am in complete accord with all that is set forth in the opinion of the court in this case. It is my opinion, however, that Wyo.Stat. § 27–14–102(a)(vii) (June 1991 Repl.) provides additional authority for refutation of the Makinen argument that the Suchors should not be considered co-employees in this instance.

The complete language from Wyo.Stat. § 27–14–102(a)(vii), out of which the Makinens take one phrase, reads:

"Employee" also includes the officers of a corporation, the business of which is classed as extrahazardous, if the officers are actually subject to the hazards of the business in the regular performance of their duties, and the employer elects to come under the provisions of this act by notifying the division by registered or certified mail, return receipt requested, at least thirty (30) days prior to the effective date of the coverage. Coverage remains effective until withdrawn by written notice to the division.

When this is read in context, rather than out of context, it is clear the legislature was dealing only with coverage of corporate officers under the Wyoming Worker's Compensation Act. The referenced language has no significance in relation to liability of co-employees. As the majority opinion notes, this implication is apparent from a careful reading of *Barnette v. Doyle*, 622 P.2d 1349 (Wyo. 1981).

---

2. The Makinens also contend that it was against public policy for the Town of Saratoga to delegate the responsibility for safety on the work site to Larry's, Inc. Their argument has no merit. An owner can effectively delegate such responsibilities to the general contractor. *See, e.g., Allmaras*, 820 P.2d at 537–38. The Makinens also suggest that a theory of "peculiar risk" can be applied in this situation. We refuse to consider this issue because the Makinens did not offer any pertinent authority or cogent argument to support their suggestion. *McNeiley v. Ayres Jewelry Co.*, 886 P.2d 595, 597 n. 2 (Wyo.1994).