Maurice F. BOYD, Appellant (Plaintiff),

v.

Lois Ann NATION, Appellee (Defendant).

No. 95–112.

Supreme Court of Wyoming.

Jan. 5, 1996.

Maurice F. Boyd, Riverton, appellant pro se.

Kathleen J. Doyle of Schwartz, Bon, Walker & Studer, LLC, Casper, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

GOLDEN, Chief Justice.

Maurice F. Boyd (Boyd) brought a negligence action against the mayor of Evansville, Lois Ann Nation (Nation), for injuries suffered while he attempted to repair a water line she ordered him to repair. Boyd appeals the district court's order granting Nation's motion for summary judgment, which was based on governmental immunity of pub-lic employees pursuant to the Wyoming Governmental Claims Act.

We affirm.

## ISSUES

Appellant Boyd originally presented the issue as:

The district court erred in not allowing this case to proceed to trial in order for a jury to decide whether there was an exception to governmental immunity.

Appellee Nation presented the following issues:

1. Whether a town employee can sue the elected Mayor of a town for injuries he received on the job.

(A) Whether Lois Nation, as the Mayor of Evansville, is immune from suit pursuant to the Wyoming Governmental Claims Act.

(B) Whether Lois Nation is immune from suit pursuant to the Wyoming Worker's Compensation Act.

2. Whether the plaintiff is estopped from suing the Mayor based upon a settlement agreement he entered into with the town of Evansville.

In his reply brief, Boyd echoes the issues presented by Nation.

## FACTS

On July 3, 1988, a water line broke in the town of Evansville. Boyd, the public works director for Evansville, was injured while attempting to repair the broken water line pursuant to an order from Nation. Boyd claims Nation was aware of the danger of an attempted repair, but she negligently issued the order to repair the water line anyway. Boyd received worker's compensation benefits for his injuries pursuant to a settlement dated June 3, 1991. On May 24, 1993, Boyd filed a personal injury action against Nation, apparently alleging negligence. Nation filed a motion to dismiss on the basis that the statute of limitations for the claim had run. Boyd filed an amended complaint, alleging that Nation was the mayor of Evansville and, as such, was a co-employee of Boyd. Boyd also alleged that he had complied with the

Wyoming Governmental Claims Act and properly made demand on the Town of Evansville for payment of his claims. The district court's order dismissing Boyd's original complaint and allowing Boyd to amend his complaint to "incorporate specific allegations of the conduct of the defendant as a co-employee with respect to the plaintiff's injuries" did not address Nation's statute of limitations concerns.

Nation later filed a motion for summary judgment. After briefing by the parties and a hearing, the district court granted Nation's motion for summary judgment. The district court held that a government "co-employee can sue under the culpable negligence standard of the worker's compensation statutes only if the action falls within a waiver of immunity." Opining that *Harbel v. Wintermute*, 883 P.2d 359 (Wyo.1994), is directly on point, the court found that Nation was not "in operation of" a public utility when Boyd was injured, and Nation was immune from suit under the Wyoming Governmental Claims Act.

## DISCUSSION

In *United Mine Workers of America, Local 1972 v. Decker Coal Co.*, 774 P.2d 1274 (Wyo.1989), we held:

It is fundamental, if not axiomatic, that, before a court can render any decision or order having any effect in any case or matter, it must have subject matter jurisdiction. Jurisdiction is essential to the exercise of judicial power. Unless the court has jurisdiction, it lacks any authority to proceed, and any decision, judgment, or other order is, as a matter of law, utterly void and of no effect for any pur-

pose. Subject matter jurisdiction, like jurisdiction over the person, is not a subject of judicial discretion. There is a difference, however, because the lack of jurisdiction over the person can be waived, but lack of subject matter jurisdiction cannot be. Subject matter jurisdiction either exists or it does not and, before proceeding to a disposition on the merits, a court should be satisfied that it does have the requisite jurisdiction. (Citations omitted).

*Id.* at 1283–84 (quoting *Matter of Contempt Order (Anderson)*, 765 P.2d 933, 936 (Wyo. 1988)). It is apparent from the record that the district court in this case was not presented with information sufficient to establish that it had the requisite jurisdiction to hear this case. Therefore, "we are compelled to discuss the issue of subject matter jurisdiction ... even though this issue was raised neither below nor here by the parties." *United Mine Workers* at 1283 (citing *Dee v. Laramie County*, 666 P.2d 957 (Wyo. 1983); and *Matter of Estate of Harrington*, 648 P.2d 556, 559 (Wyo.1982)).

Boyd's claim appears to be premised on WYO.STAT. § 27–14–104,[1] which allows a person whose injury is covered by the Wyoming Worker's Compensation Act to recover from a co-employee who caused the injury, and WYO.STAT. § 1–39–108 (1988),[2] which waives governmental immunity for a public employee who is in operation of a public utility or service. As such, we must be satisfied the jurisdictional requirements of the Wyoming Worker's Compensation Act and the Wyoming Governmental Claims Act have been met.

WYO.STAT. § 27–14–105 [3] requires that when an injured employee who is covered by

---

1. When Boyd sustained his injuries in 1988, WYO. STAT. § 27–14–104(a) provided:

The rights and remedies provided in this act for an employee and his dependents for injuries incurred in extrahazardous employments are in lieu of all other rights and remedies against any employer making contributions required by this act, or his employees acting within the scope of their employment, but do not supersede any rights and remedies available to an employee and his dependents against any other person.
1986 Wyo.Spec.Sess.Laws Ch. 3 § 3.

2. WYO.STAT. § 1–39–108(a) provides:

A governmental entity is liable for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation of public utilities and services including gas, electricity, water, solid or liquid waste collection or disposal, heating and ground transportation.

3. In 1988, WYO.STAT. § 27–14–105 stated, in pertinent part:

(a) If an employee covered by this act receives an injury under circumstances creating a legal liability in some person other than the

the Wyoming Worker's Compensation Act wishes to pursue his remedies at law by filing a lawsuit, he must serve both the director of the Department of Employment and the attorney general with copies of the complaint. *Makinen v. PM P.C.*, 893 P.2d 1149, 1152 (Wyo.1995). We are unable to find any evidence in the record which satisfies us that Boyd complied with the service requirement of Wyo.Stat. § 27–14–105. Accordingly, we hold the district court did not have jurisdiction over the case at the time Nation filed her motion for summary judgment. *Makinen*, 893 P.2d at 1152–53.

In *Makinen*, we noted that the district court's lack of jurisdiction could effectively dispose of the appeal. However, since we assumed that the district court would dismiss the case without prejudice, we considered the other issues on appeal. *Makinen*, 893 P.2d at 1153. Unfortunately, in the case before us, Boyd has not presented this court with pertinent authority or cogent argument.

> [I]n the absence of the citation of pertinent authority or cogent argument, we will not afford relief to an appellant. While it is permissible under our system for litigants to represent themselves, such litigants do not receive any special benefit in the examination of papers that are presented to this court including briefs.

*Amrein v. Wyoming Livestock Bd.*, 851 P.2d 769, 772 (Wyo.1993) (citations omitted). *See also Hamburg v. Heilbrun*, 891 P.2d 85, 87 (Wyo.1995); *E.C. Cates Agency, Inc. v. Barbe*, 764 P.2d 274, 276 (Wyo.1988). We are not inclined to consider the waiver of immunity issues presented without the benefit of pertinent legal authority or cogent argument and affirm the district court's order granting Nation's motion for summary judgment, although not necessarily pursuant to the reasoning provided by the district court's decision letter.

Finally, in *Amrein* we held that an allegation attempting to invoke the jurisdiction of the district court pursuant to the Wyoming Governmental Claims Act "must encompass a statement of the date the claim was filed to demonstrate the filing of the claim within two years of the date of the 'alleged act, error or omission.'" *Amrein*, 851 P.2d at 771; *see also* Wyo.Stat. § 1–39–113 (1988). We then acknowledged that the trial court could have entered a dismissal without prejudice, but held that it was clear from the record that it would be impossible to present the requisite allegations and affirmed the order of dismissal. *Amrein*, 851 P.2d at 771–72. Boyd failed to state the date his claim was filed with the Town of Evansville, therefore his complaint was subject to dismissal for failure to allege the jurisdiction of the court with specificity. *Id.* Boyd was injured on July 3, 1988, more than four years before he filed his claim against Nation with the Town of Evansville on May 12, 1993. It is clear from the record that Boyd can not possibly present an allegation that he filed his statement of claim with the Town of Evansville within the requisite two-year statute of limitations. Therefore, we affirm the order granting summary judgment in favor of Nation.

## CONCLUSION

The district court did not have jurisdiction over this case under either the Wyoming Governmental Claims Act or the Worker's Compensation Act. Even if the district court was inclined to dismiss the complaint without prejudice, the applicable statute of limitations bars the action. Finally, Boyd failed to present pertinent authority or cogent legal argument.

We affirm.

---

employer to pay damages, the employee if engaged in work for his employer at the time of the injury is not deprived of any compensation to which he is entitled under this act. He may also pursue his remedy at law against the third party or the coemployee to the extent permitted by W.S. 27–14–104(a). . . .

(b) The director and the attorney general shall be served by certified mail return receipt requested with a copy of the complaint filed in any suit initiated pursuant to subsection (a) of this section. Service of the complaint on the director and attorney general is a jurisdictional requirement in order to maintain the suit. . . . Wyo.Stat. § 27–14–105 (1991).